Isaac Reiff and Samuel Brinkley, Trustees *vs.* Abraham Strite, Jun'r, Surviving Executor, and others.

*Construction of a Will—Conversion of Realty into Personalty—Question whether a Contingency in a Bequest made to take effect after a Life Estate, is referrible to the time of the Death of the Testator or of the Termination of the Life Estate.*

A testator having by his will directed certain portions of his real estate to be sold by his executors at any time after his death, and a certain other portion of his real and personal estate to be sold after the death of his wife, then directed that the proceeds of the sales thus authorized to be made by his executors, and all the residue of his estate should be distributed and paid over as follows: "I further order and direct that the residue of my estate shall be divided into three equal shares, one of which is one-third, I bequeath to the children of my brother John S. deceased, *or* to their heirs, to be equally divided *among* them share and share alike. I give and bequeath one equal share, being also one-third, to the children of my brother Joseph S. deceased, *or* their heirs, to be equally divided among them share and share alike. I give and bequeath unto my brother S. S., *or his heirs*, one equal share, it being also the one-third. It is further ordered, that when any money shall be in the hands of my executors, they shall pay it in equal distributions among the foregoing bequests." After the proceeds of the sale of the property, not given to the widow for life, had been distributed, S. S. died, the widow of the testator surviving him, he having made an assignment of all his property in trust for the benefit of his creditors. Held:

1st. That the bequest to S. S. or his heirs, must be construed as of personal estate alone, though the farm devised to the widow for life, and which constituted a considerable part of the residuary estate, was not be sold till after her death.

2nd. That as to all that part of the estate bequeathed immediately to S. S. or his heirs, the contingency of the death of the first legatee was confined to the life of the testator; and consequently in that

Reiff and Brinkley *vs.* Strite, *et al.*

portion of the property, S. S. having survived the testator, took an indefeasible estate.

3rd. That as to all that part of the property bequeathed to him subject to the life estate of the widow, it vested in him conditionally only; and upon his death in the life-time of the widow, it became divested and went over to those embraced by the description of "*his heirs*," and consequently the assignees claiming under the deed of trust had no claim to the fund arising from the sale of said property.

APPEAL from the Circuit Court for Washington County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, MILLER, ALVEY and ROBINSON, J.

*Wm. M. McDowell* and *Tryon Hughes Edwards*, for the appellants.

*Henry H. Keedy*, for the appellees.

ALVEY, J., delivered the opinion of the Court.

This appeal is brought to this Court from a *pro forma* decree of the Circuit Court for Washington County, and the question for decision is, what is the proper construction of certain clauses in the last will and testament of Abraham Strite, deceased.

The testator died in the fall of 1863, without children, but left a widow surviving him. He was seized of a farm and some mountain land, and was also possessed at the time of his death of certain stocks and other personal property. By his will he authorized and empowered his executors to sell his mountain land at any time after his death, but his farm and his stocks and certain other personal property he devised and bequeathed to his wife for

life, and after the death of his widow he authorized and directed his executors to sell the farm, and also the stocks and any other property then belonging to his estate.   He gave certain pecuniary legacies to parties other than those now claiming as legatees, and then directed that the proceeds of the sales thus authorized to be made by his executors, and all the residue of his estate, should be distributed and paid over as follows :  " I further order and direct that the residue of my estate shall be divided into three equal shares, one of which shares, which is one-third, I bequeath to the children of my brother  John Strite, deceased, *or* to their heirs, to be equally divided among them, share and share alike.   I give and bequeath one equal share, being also one-third, to the children of my brother Joseph Strite, deceased, *or* their heirs, to be equally divided among them, share and share alike.   I give and bequeath unto my brother Samuel Strite, *or his heirs,* one equal share, it being also the one-third.   It is further ordered, that when any money shall be in the hands of my executors, they shall pay it in equal distributions among the foregoing bequests."

The executors named in the will proceeded with the administration of the estate, and settled several accounts ; and, after paying the expenses of the administration, and the pecuniary legacies, distributed about $600 to each of the three equal shares mentioned in the will, from assets realized from property not devised or bequeathed to the widow for life.   After the last of these distributions, Samuel Strite, the legatee of one of the three equal shares of the residue of the estate, made a general assignment of all his property and estate to the appellants, as trustees for the benefit of his creditors ; and in May, 1878, he died, the widow of the testator still surviving.   In May, 1879, the widow died ; and the contention now arises as between the trustees under the deed of trust of Samuel Strite, and those who claim to be entitled under and by the designation of " his heirs."

With respect to the real estate, that being directed to be sold for the purpose of distribution, its conversion into personalty is to be regarded as complete from the death of the testator, so far as the residuary legatees are concerned. Those therefore claiming the property under the residuary bequests of the will must take it in the character which the testator, by directing the conversion, has impressed upon it; and its subsequent disposition is governed by the rules applicable to property of the character into which the conversion is directed to be made. Therefore the bequest to Samuel Strite or his heirs must be construed as of personal estate alone, though the farm devised to the widow for life, and which constituted a considerable part of the residuary estate, was not to be sold until after her death. The authorities are uniform in holding this to be an established principle of equity. *Hurtt vs. Fisher*, 1 *H. & G.*, 88; *Smithers vs. Hooper*, 23 *Md.*, 273, 285; *Thomas vs. Wood*, 1 *Md. Ch. Dec.*, 296; *Carr vs. Ireland*, 4 *Md. Ch. Dec.*, 251; 1 *Jarm. on Wills*, 473, and the cases there cited.

Samuel Strite, the legatee, having survived the testator, but died before the devisee and legatee for life of part of the estate, leaving several children, the question is, what meaning and effect are we to give to the words "or his heirs" in the bequest, as to that part of the estate given in remainder? If the words are to be taken in a sense to indicate simply an absolute estate and right of property in Samuel Strite, the first legatee named, and not substitution for the first legatee in the event of his death before the time of distribution or payment, it is quite clear, there could be no right in those now claiming by virtue of the bequest to the "heirs," but the right would be in the appellants as assignees of Samuel Strite. But is that the construction of this residuary bequest to Samuel Strite, "or his heirs," according to the authorities?

It is conceded that if Samuel Strite had died in the life-time of the testator, the person or class of persons

claiming under the description of "heirs" would have been entitled by way of substitution. Such certainly is the settled rule of construction where, as in this case, there is nothing on the face of the will to indicate a different intention; that construction, therefore, could not be controverted. And it being conceded that the parties embraced by that description were intended to take in the event of the death of the first legatee, why should their right to take be confined to the event of death occurring in the life-time of the testator, if there be any other period to which the event of death may be referred, according to established rules of construction? Doubtless, as to all that part of the estate bequeathed immediately to Samuel Strite, or his heirs, the contingency of the death of the first legatee was confined to the life of the testator ; and consequently, in that portion of the property, Samuel Strite, having survived the testator, took an indefeasible estate. But as to all that part of the property bequeathed to him subject to the life estate of the widow, it vested in him conditionally only ; and upon his death in the life-time of the widow, it became divested and went over to those embraced by the description of "his heirs."

Without going into any extended examination of the decided cases in support of this construction, we shall content ourselves by stating the general principle of construction in such cases, as gathered from the authorities, and as clearly stated by the Vice-Chancellor in the case of *Salisbury vs. Petty,* 3 *Hare,* 93 ; and that is, where a legacy is given payable at the death of the testator, and, in case of the death of the legatee, to another party, there the Court will construe the gift over, in the event of death, to mean in case of death in the life-time of the testator. And on the other hand, if the legacy is not payable immediately, but a life interest is given, and the testator has said that in case of the death of the legatee

in remainder it is to be given to some one else, without any specific limitation of time within which the event of death shall occur, (as in this case, where the gift is to a named legatee "or his heirs,") there the words "in case of death," which are implied from the disjunctive and alternative word "or," are construed to mean in the life-time of the tenant for life. In other words, in those cases where the gift is to the person on whose death the sub-stituted gift is to arise, and the gift is immediate, that is, to take effect in possession upon the death of the testator, there the construction is, of necessity, that the gift over must be taken to refer to the event of death of the first legatee occurring in the life-time of the testator, because there is no other period to which the words of the gift can be taken to refer to give them effect. But where, as in the case before us, as to part of the estate bequeathed, the two alternative gifts are preceded by a life estate, or where they are preceded by other partial interest, or the enjoyment of the legacy is otherwise postponed by the direction of the testator, the construction is different. In such case the general alternative words of the gift are applied to the event of death of the first legatee occurring before the period of possession or distribution as fixed by the will. The original or first legatee, surviving that period, becomes absolutely and indefeasibly entitled; but if he die before that period, his previous investiture of title becomes divested, and those intended to take by the alternative gift, by way of substitution, become vested with the estate. And it has been expressly held, that where, in the same will, a legacy is given immediately to a person, or, in case of his death, to his issue, and another legacy is given, *in the same terms, and to the same parties,* but subject to a previous life estate, the words, "in case of his death" will be differently construed, according as they are to be construed with reference to the one legacy or the other, and will be referred in the one case to the death of

the testator, and, in the other, to that of the tenant for life. *Salisbury vs. Petty*, 3 *Hare*, 85; *Hervey vs. McLaughlin*, 1 *Price*, 264. The same doctrine is fully stated by the most approved text writers upon the subject, upon review of the decided cases, as will be seen by reference to 1 *Roper on Leg.*, 607 to 613; 2 *Jarm. on Wills*, (3rd *Eng. Ed.*,) 707, 708; 2 *Wms. on Ex'rs*, (6th *Am. Ed.*,) 1363, in note.

The disjunctive word "or" clearly implies substitution; that is, it is taken as meaning that the gift over by way of substitution should take effect in case of the death of the first legatee before the time when the legacy became absolutely and indefeasibly vested in him. This has been so held in many cases. *Gittings vs. McDermott*, 2 *M. & K.*, 69; *Salisbury vs. Petty*, *supra*; *Doody vs. Higgins*, 9 *Hare*, *App.*, 32; *Finlason vs. Tatlock*, *L. Rep.*, 9 *Eq. Cas.*, 258. Here, Samuel Strite having died in the lifetime of the widow, the residuary shares in that part of the testator's estate devised and bequeathed to the widow for life, became divested out of the assignees of Samuel Strite, and vested in those embraced by the description of "his heirs;" and consequently, the assignees claiming under the deed of trust have no claim to the fund. It follows, therefore, that the *pro forma* decree, so far as it denies the right of the appellants, must be affirmed, and their bill must be dismissed.

*Decree accordingly.*

(Decided 30th June, 1880.)