BOWDLE *v.* HANKS ET AL., TRUSTEES

[No. 343, September Term, 1961.]

*Decided July 11, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and MARBURY, JJ.

*Benjamin C. Howard* and *Robert L. Karwacki,* with whom was *Oliver S. Mullikin* on the brief, for the appellant.

*George Cochran Doub,* with whom were *Joan Morrison Barry, Charles E. Wheeler* and *Weinberg & Green* on the brief, for the appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court for Talbot County, in equity, construing the will of Emily C. Bowdle who died in June, 1895. Her will, executed September 10, 1894, was probated on June 11, 1895. She was survived by a daughter, Nannie B. Highley, a son, Charles E. Bowdle, and five grandchildren, namely: A Bowdle Highley, son of Nannie Highley; Florence Bowdle, Alexander Bowdle, Alice Bowdle and Charles Bowdle, Jr., children of Charles E. Bowdle. At the time of the execution of the will Nannie B. Highley was 39 years of age and Charles E. Bowdle was 40 years of age. The ages of the grandchildren were Bowdle 5, Florence 12, Alexander and Alice 10, and Charles, Jr. 8. Charles E. Bowdle died in 1907, leaving his four children surviving, and Florence, Alice and Charles, Jr., all died without issue. Alexander died in 1923 leaving one child, Alexander, the defendant in this suit. Nannie Highley died in 1936, leaving one child, Bowdle. Bowdle died testate and without issue on December 16, 1960, being the last surviving grandchild of the testatrix. By his will he bequeathed and devised the residue of his estate to the plaintiff trustees.

By item 1 of her will, Emily C. Bowdle bequeathed the sum of $200.00 to her son Charles, upon condition that he be living at the time of her death, in consideration of work rendered

in building her home. If he predeceased her, the legacy was to fall into the residue. By item 2 she bequeathed to her daughter Nannie, in trust for her grandchildren Florence, Alice, and Charles, Jr., all the moneys owed her by Charles, in sundry notes amounting to about $3,000.00. "Should the indebtedness increase before my death," she directed that the excess should be carried into the residue. She directed Charles to secure the indebtedness by mortgage, but that no interest or principal be collected during his life. Nannie was directed to expend the interest for the education and maintenance of the three grandchildren, and to pay them the principal in equal shares when they reached the age of 21, in her discretion, in any event when they reached 25. Another clause provided for gifts over to the others if any of these grandchildren should die without issue prior to the payment of the legacy to them.

Item 3 bequeathed to Nannie the sum of $2,000.00, in trust for the grandson of the testatrix, Alexander, upon conditions similar to those in item 2. Item 4 left all the rest and residue of her property, including her dwelling in Trappe, her farm in Ferry Neck of 160 acres, and a house and lot in Ferry Neck, to Nannie for life and after her death, to her son Bowdle Highley "and if the said Bowdle Highly should die leaving no children or descendants of children, then the said property so devised and bequeathed shall go to the surviving children and the representatives of any deceased child or children of my Son Charles E. Bowdle. In the possible event of the death of the said Nannie B. Highly and the said Bowdle Highly before the time limited in Section 2 of this Will for the payment of the legacies to my Grand-children, I direct that the same provisions, conditions and limitations therein made, shall apply to the property in this section devised and bequeathed and that some suitable person to be named by the Court in the place and stead of said Nannie B. Highly other than a member of my Son Charles' immediate family, shall faithfully carry out said provisions, conditions and limitations." Nannie was appointed executrix, and excused from bond. She was also given power to invest and reinvest.

The appellant contends that the bequest and devise con-

tained in Item 4 created a remainder in fee simple in Bowdle Highley, subject to an executory devise, in the event of his death at any time "leaving no children or descendants of children", in favor of the "surviving children and the representatives of any deceased child or children of my son Charles E. Bowdle." The appellees contend, on the other hand, that Bowdle Highley took the property in fee simple absolutely upon his mother's death.

It is an established rule of construction in Maryland, as well as in other states, that where there is a gift of a life estate with remainder to a named person, but a limitation over to another in the event the remainderman should die without issue, the presumption is that the words refer to the contingency of the death of the remainderman before the death of the life tenant, unless a contrary intention appears from the will. The principle is illustrated in the case of *Zeller v. Mc-Guckian,* 190 Md. 298. Cf. *Booth v. Eberly,* 124 Md. 22, *Fairfax v. Brown,* 60 Md. 50, *James v. Rowland,* 52 Md. 462, and *Hill v. Hill,* 5 G. & J. 87. See also *Lumpkin v. Lumpkin,* 108 Md. 470, 499. We think the case of *Hutchins v. Pearce,* 80 Md. 434, if not overruled by the later cases, must be confined to its facts. There is an excellent comment on the *Zeller* case in 11 Md. L. R. 25. See also 3 Restatement, *Property,* sec. 269. Comment (a), in justifying the rule, refers to "* * * the reasonableness of the inference that this construction gives effect to the intent of the conveyor, and the convenience of as early indefeasibility of interests as is consistent with the manifested intent of the conveyor." See also Simes, *Law of Future Interests* (2nd ed.), sec. 549 (p. 555); Miller, *Construction of Wills in Maryland,* § 285, p. 804, n. 5; Warren, *Gifts Over on Death without Issue,* 39 Yale L. Journ. 332, 356. Cf. Code (1957), Art. 93, sec. 365.[1]

We find nothing in the scheme of the will or the surrounding circumstances to overcome the presumption and to keep open the possibility of defeasance until the death of Bowdle. It seems clear that the chief concern of the testatrix was for

1. For a discussion of the rule of early vesting as applied to contingent remainders, see Miller, *Construction of Wills,* § 228.

Nannie and her son, who received the lion's share. At the outset, she made the $200.00 legacy to Charles E. contingent on his surviving her, and provided that if he did not the legacy should fall into the residue rather than pass to the children of Charles. She left limited sums in trust for his children. She left the entire residue, after a life estate to Nannie, to Nannie's son, Bowdle. The gift over in the event that Bowdle should die leaving no children or descendants can fairly be applied, without violence to the language used, as referring to the time of the death of the life tenant.

To construe it otherwise would import an intention on the part of the testatrix to confer a higher estate upon an unborn greatgrandchild than upon her named grandson, Bowdle. It should be noted that the will does not expressly cover the contingency that Bowdle should die leaving children or descendants. This suggests that she had in mind an indefeasible estate in Bowdle at the death of the life tenant. It is to be presumed that she did not intend the residuary clause to fail by reason of intestacy, which might well have been the case if, at Bowdle's death, there had been no descendant of Charles E. in being. Taken as a whole, the will shows an intention to provide for her named grandchildren rather than remote descendants. The fact that the residuary clause included personal as well as real property suggests that she did not intend to defer the final disposition until the death of Bowdle, which in fact occurred some 65 years after the death of the testatrix and some 24 years after the death of the life tenant.

We attach no significance to the use of the conjunction "and", instead of "or", in the clause containing the gift over. Cf. *Hill v. Hill, supra,* and *Reiff v. Strite,* 54 Md. 298, 304. Substitution can be fairly implied in either case. Nor do we think the fact that in proceedings instituted by Bowdle Highley in 1936, and again in a recital in his will, he indicated a belief that Alexander would take part of the property upon his death, is controlling. The appellant concedes that Bowdle's construction, if erroneous, would not be binding in the instant case. See *Zimmerman v. Hafer,* 81 Md. 347, 354, *Smith v. Smith,* 113 Md. 495, 502, and Miller, *Construction of Wills,* secs. 8, 117.

The appellant lays great stress upon the concluding clause of item 4. It is argued that had it been the intention of the testatrix to limit the contingency of Bowdle's death without descendants to the life of Nannie, the testatrix would not have concerned herself with the beneficiaries of the executory devise "in the possible event" of the death of Bowdle before the beneficiaries under item 2 reached the age of 21 years. The youthful ages of the grandchildren of the testatrix at the time the will was drawn suggest that the testatrix was concerned with the possibility that the alternative gift should become effective before they became of age, rather than to qualify the prior gift in remainder. The sentence following deals only with care of the residuary property. Obviously the testatrix desired to prevent any member of the family of Charles E. from managing the trust for his children. The whole clause never became effective because Bowdle did not die "before the time limited in Section 2".

For the reasons stated we agree with the conclusion reached by the learned chancellor below.

*Decree affirmed, costs to be paid by the appellees out of the trust estate.*