## IGLEHART *v.* IGLEHART.*

WILLS; DEVISES AND BEQUESTS; FOREIGN CORPORATIONS; COMITY; EQUITY;
CONVERSION.

1. A bequest of $5,000 for the erection of a monument over the grave of the husband of the testatrix in a designated cemetery will not be declared void merely because the amount of the bequest is greater than is ordinarily expended for such purpose by those in the same station of life as the testatrix.

2. At common law, bequests for the care of burial lots are void as creating perpetuities, such uses not being charitable.

3. While the laws of the testator's domicil govern as to the formal requisites essential to the validity of his will, the capacity of the testator, the construction of the instrument, and the validity of its particular bequests depend, unless expressly prohibited by the law of the testator's domicil, upon the law of the domicil of the legatee.

4. The rule of comity permitting foreign corporations to acquire and hold lands by devise is now generally recognized, provided their charters permit them to do so, and no prohibition is found in the laws or public policy of the domestic state.

5. An express direction in a will that the testator's real estate shall be sold on the death of life tenants, and the income of the proceeds used for a given purpose, operates to convert the property into personalty from the death of the testator.

6. Where a testatrix, domiciled in this District, devised real estate situ-

---

*Foreign Corporations—Right to Own Real Estate.*—The authorities dealing with the right of a foreign corporation to own real estate are presented and discussed in editorial note to *Lancaster* v. *Amsterdam Improv. Co.* 24 L. R. A. 322.

ated here to a New York cemetery company in trust for her brother and sister during their lives, provided they kept the property in repair and· paid the taxes, and at their death, or upon their failure to comply with the condition named, the property was to be sold and the proceeds invested in securities, the income therefrom to be used to keep a cemetery lot in New York in good order; and the New York law, like the law of this District (D. C. Code, sec. 669 [31 Stat. at L. 1295, chap. 854] ), provided that corporations incorporated under its laws might take and hold real estate and personal property, and use the income thereof for the care of cemetery lots, monuments, etc.,—it was held that such trust was valid, upon the principle of comity, which in such cases should be more broadly recognized in this District than elsewhere.

7. In a suit involving the validity of a devise of real estate in this District, in trust to a foreign cemetery association, the questions whether the association had power, under its charter, to act as trustee in this District for property located here, and had power to convert the real estate into personalty, were not considered, for the reason that equity would not allow the trust to fail for want of a trustee, but could, if necessary, appoint a trustee to carry it into effect.

No. 1593.   Submitted October 18, 1905.   Decided November 8, 1905.

HEARING on an appeal by the defendants from a decree of the Supreme Court of the District of Columbia in a suit in equity to construe a will.                                   *Affirmed.*

The COURT in the ·opinion stated the case as follows:

This is an appeal from a decree holding valid the last will and testament of Annie E. I. Andrews, and its provisions making certain devises and bequests to the Greenwood Cemetery Company of New York.

The record discloses. that the deceased, a resident of the District of Columbia, died in 1903, leaving a will dated March 19, 1903.   The amount of the estate was something over $10,-000, of which $3,000 was in real estate situate in the District, and the balance personalty.   The will having been duly probated, the executor filed this bill for its construction.   The heirs contend that clauses 1, 10, and 12 are invalid.   The first clause devised and bequeathed to the Greenwood Cemetery Com-

pany of Brooklyn, New York, as trustees, the real property, which consisted of a house and lot. This was to be held in trust for the use of the decedent's brother and his wife during their life, or the life of either of them, provided that they kept the property in repair and paid the taxes on it. At their death, or upon their failure to comply with the recited condition, the property was to be sold and the proceeds invested in United States securities, the income therefrom to be used by the cemetery company, as trustees, for the purpose of keeping the Andrews lot in perpetual good order. The tenth clause directed that $5,000 be taken from the estate to be expended for a monument at the grave of her husband, E. L. Andrews, in Greenwood Cemetery. The twelfth clause directed that the residue of her property, after payment of legacies, debts, and the like, be converted into cash and invested in United States securities, and the income therefrom be used by the cemetery company, as trustees, as an additional fund for the preservation and care of the lot before referred to. The case was heard by stipulation upon the pleadings and an agreed statement of the facts. The admitted facts do not require to be set forth as, in our opinion, they do not affect the decision at which we have arrived.

*Mr. Andrew Wilson, Mr. Noel W. Barksdale,* and *Mr. Walter C. Balderston,* for the appellants:

1. Any limitation suspending the absolute power of alienation of property beyond lives in being and twenty-one years is a perpetuity. Gray, Perpetuities, § 140; *Re Walkerly,* 108 Cal. 647; *Ould* v. *Washington Hospital,* 95 U. S. 303; *Lunt* v. *Lunt,* 108 Ill. 307; *Whitney* v. *Dodge,* 105 Cal. 192; *Goldsborough* v. *Martin,* 41 Md. 488; *Graham* v. *Whitridge,* 99 Md. 248; *McCarthy* v. *McCarthy,* 20 App. D. C. 195; *Gott* v. *Cook,* 7 Paige, 521; *Tucker* v. *Tucker,* 5 N. Y. 408; *Cavalry's Estate,* 119 Cal. 406.

2. The rule applies to every kind of property, to every species of estate, to every method of devolution, and to every purpose and object, excepting charities. Perry, Tr. § 382; 22 Am. &

Eng. Enc. Law, 2d ed. p. 704; *Re Roberts,* L. R. 19 Ch. Div. 520; *Re Walkerly,* 108 Cal. 627; *Howe* v. *Hodge,* 152 Ill. 252; *Booth* v. *Baptist Church,* 126 N. Y. 215; *Deford* v. *Deford,* 36 Md. 168; *Thorndyke* v. *Loring,* 15 Gray, 391; *Barnum* v. *Barnum,* 26 Md. 119; *Lawrence's Estate,* 136 Pa. 354; *Greenleaf* v. *Waddell,* 116 N. Y. 234; *Roosevelt* v. *Roosevelt,* 6 Hun, 31.

3. The testatrix's direction to invest the money and use the income to keep the cemetery lot in perpetual good order and condition is not for a public charity, and is in violation of the law prohibiting perpetuities, and is therefore void. *Jones* v. *Habersham,* 107 U. S. 174; *Gay's Estate,* 138 Cal. 552; *Johnson* v. *Halifield,* 79 Ala. 423; *Bates* v. *Bates,* 134 Mass. 110; *Piper* v. *Moulton,* 72 Me. 155; *Church Extension* v. *Smith,* 83 Md. 362; *Kelly* v. *Nichols,* 17 R. I. 306; *Sherman* v. *Baker,* 20 R. I. 446; *Hartson* v. *Elden,* 50 N. J. Eq. 522; *McIlvain* v. *Hockaday* (Tex.) 81 S. W. 54; *Re Fisher,* 8 N. Y. Supp. 10; *Corle's Estate,* 61 N. J. Eq. 409; *Fite* v. *Beasley,* 80 Tenn. 328; *Coit* v. *Comstock,* 51 Conn. 352; *Detwiller* v. *Hartman,* 37 N. J. Eq. 347; *Read* v. *Williams,* 125 N. Y. 560; *Brown* v. *Esterhazy,* 25 Law Rep. 478.

4. The validity of the bequest and devise is to be determined by the laws of the District of Columbia. *Jones* v. *Habersham, supra;* 22 Am. & Eng. Enc. Law, p. 726; *Ford* v. *Ford,* 80 Mich. 42; *White* v. *Howard,* 46 N. Y. 144; *Knox* v. *Jones,* 47 N. Y. 389; *Hobson* v. *Hale,* 95 N. Y. 588; *Penfield* v. *Tower,* 1 N. D. 216; *Ford* v. *Ford,* 70 Wis. 19; *United States* v. *Fox,* 94 U. S. 315; *Bascom* v. *Albertson,* 54 N. Y. 584; *Curtis* v. *Hutton,* 14 Ves. Jr. 537; *Banks* v. *Phelan,* 4 Barb. 88; Hill, Trustees, 454; *Wood* v. *Wood,* 5 Paige, 595; *Readman* v. *Ferguson,* 13 App. D. C. 60; *Chamberlain* v. *Chamberlain,* 43 N. Y. 424; *Parkhurst* v. *Roy,* 7 Ont. App. 618; *Handley* v. *Palmer,* 103 Fed. 39; *Fellows* v. *Miner,* 119 Mass. 541; *Sewall* v. *Wilmer,* 132 Mass. 131; *Sohier* v. *Burr,* 127 Mass. 221.

5. The doctrine of comity has no application, because to carry out the testatrix's directions would be to violate the settled policy of this jurisdiction, distinctly marked by congressional legisla-

tion.   *McDonough* v. *Murdoch,* 15 How. 413; *Paul* v. *Virginia,* 8 Wall. 168–181; *St. Louis* v. *Ferry Co.* 11 Wall. 423–429; *Railroad Co.* v. *Harris,* 12 Wall. 65–83; *Walworth* v. *Harris,* 129 U. S. 364; *Christian Union* v. *Yount,* 101 U. S. 352; *National Bldg. Asso.* v. *Pinksten,* 79 Miss. 468; *Falls* v. *United States Bldg. Co.* 97 Ala. 417; *Prime's Estate,* 136 N. Y. 347; *White* v. *Howard,* 46 N. Y. 144; *Vanderpoel* v. *Gorman,* 140 N. Y. 563; Thomp. Corp. § 7884; *Western U. Teleg. Co.* v. *Mayer,* 28 Ohio St. 521; *Alward* v. *Holmes,* 10 App. N. Y. 96; *Thompson* v. *Waters,* 25 Mich. 214; *Carroll* v. *East St. Louis,* 67 Ill. 568; *Ducat* v. *Chicago,* 36 Ill. 172; *Hartson* v. *Elden,* 50 N. J. Eq. 522.

6. Section 669 of the Code being inconsistent with section 1023, the former is absolutely void.   Sutherland, Stat. Constr. §§ 268, 395; 23 Am. & Eng. Enc. Law, 2d ed. pp. 310, 311, and cases cited.

7. The executors are the trustees of the fund, and charged with the duty of making investments, and turning over incomes to be used by Greenwood cemetery.   *Oregon R. Co.* v. *Oregonian R. Co.* 130 U. S. 1; *Thomas* v. *Railroad Co.* 101 U. S. 71; *Tr ᵗces* v. *Peaslee,* 15 N. H. 317; *Mitchell* v. *Thomson,* 18 D. C. 130; *McBurney* v. *Carson,* 99 U. S. 567–572; *Pettingill* v. *Pettingill,* 60 Me. 11; *Richardson* v. *Knight,* 69 Me. 285; *Holbrook* v. *Harrington,* 16 Gray, 102.

8. The will embodied but one scheme, composed of two equal interdependent parts, (a) the erection of a monument; (b) its care and preservation.   If the latter is invalid, the former must fall with it.   *Re Walkerly,* 108 Cal. 644; *Holmes* v. *Mead,* 52 N. Y. 332; Chaplin, Suspension of Power of Alienation, § 481; *Tilden* v. *Green,* 130 N. Y. 29; *Lawrence* v. *Smith,* 163 Ill. 149; *Johnston's Estate,* 185 Pa. 179; *Butterfield's Will,* 133 N. Y. 473; *Knox* v. *Jones,* 47 N. Y. 387; *Manice* v. *Manice,* 43 N. Y. 303.

*Mr. Walter V. R. Berry, Mr. Benjamin S. Minor,* and *Mr. Hugh B. Rowland* for the appellee, the cemetery company.   ∙

Mr. Justice DUELL delivered the opinion of the Court:

The assigned errors are three in number, and relate respectively to the validity of the devise of the real estate to the cemetery company, the validity of the residuary bequest, and the validity of the provision for the erection of the monument.

The latter will be first passed upon. There seems to be no question that the decedent's husband was buried in Greenwood cemetery, and no trouble arises in locating the lot. There is no trouble in carrying out the provision of the will providing for the erection of the monument, and no difficulty in upholding the clause relating to it and separating it from the other provisions attacked. The deceased was admittedly of sound mind, left no husband or children surviving her, and was under no legal obligation to leave her property for the support of her relatives. It may be conceded, as claimed, that the amount is greater than ordinarily expended for such a purpose by those in the same station of life as decedent, without warranting us in holding that the provision should be overthrown. The court below was not in error in upholding it, and we agree with the conclusion of the learned justice in upholding it and with the reasons adduced by him.

The question of the validity of the bequest of the real estate presents a more serious question. It is contended with much force that the conveyance, or attempted conveyance, of the real estate to the trustee creates a perpetuity, and is, therefore, void. If there were no exceptions to the general provisions of the law applicable to the subject we would be compelled to hold that the devise was unquestionably void, but there are exceptions, and the question ultimately to be decided is whether this devise falls within the exceptions or any of them.

It is urged on behalf of the Greenwood Cemetery Company that the bequest is valid because it is for a charitable use. At least many of the cases referred to by it are cases where such bequests have been sustained as being for charitable uses. We think, however, that the bequest cannot be upheld on such ground, for the weight of authorities is that bequests for the

care of burial lots are void as creating perpetuities, for such uses are not charitable.    *Bates* v. *Bates,* 134 Mass. 110, 45 Am. Rep. 305, and many English cases there cited.

The ground upon which the bequest must be sustained, if upon any, is that the laws of the District of Columbia provide that cemetery companies incorporated under its laws can take and hold real estate and personal property, use the income thereof for the care of cemetery lots, monuments, etc.; and, though it is contended by appellants that, as the Greenwood Cemetery Company is not incorporated under the District laws, this exception contained in section 669 of the Code [31 Stat. at L. 1295, chap. 854] does not apply, yet it is admitted that the laws of the State of New York, under which the Greenwood Cemetery Company is incorporated, permit it to take real and personal property for the purpose of using the income for the care of cemetery lots, renewal of monuments, etc.    It will be seen, therefore, that the policy of the law of the District of Columbia, where the deceased was domiciled, makes a clear exception to the common law, and also to the statutory law of the District, so far as cemetery companies incorporated under the laws of the District are concerned; and that the laws of the State of New York, where the proceeds of the real estate are designed to be taken, and where the trustee has its legal abode, permits the trustee to take and hold real and personal property, and creates the same exception.    It scarcely seems possible that Congress intended to be so narrow as would be the case if it intended, in permitting cemeteries incorporated under the laws of the District to take and hold property for the purpose specified, to refuse to recognize a like right in similar companies incorporated under the laws of the various States, where a like privilege was granted.    We think, rather, that Congress considered that it was necessary to specify companies organized in the District in order that they could acquire and hold property for the purpose specified, and believed it unnecessary to provide that such companies, incorporated under the laws of the States in which they were given like privileges, could take real and personal property situated in the District, and which was to be

taken out of the District and administered elsewhere. It is fair to presume that Congress knew of and recognized the rule, now well established and generally followed, that "while the laws of the testator's domicil govern as to the formal requisites essential to the validity of the will, the capacity of the testator, and the construction of the instrument, the validity of particular bequests depends (unless expressly prohibited by the law of the testator's domicil) upon the law of the domicil of the lega- tee." *Congregational Unitarian Soc.* v. *Hale,* 29 App. Div. 396, 51 N. Y. Supp. 704.

The rule of comity permitting a foreign corporation to ac- quire and hold lands by devise is now generally recognized, pro- vided their charters permit them so to do, and no prohibition is found in the laws or public policy of the domestic State. 13 Am. & Eng. Enc. Law, 2d ed. p. 856. The public policy of the District of Columbia permits in express terms, as shown by ex- press legislation, its cemetery corporations to receive such be- quests. The State of New York permits the Greenwood Ceme- tery Company to hold such bequests as the one in question. It seems to us that it follows, from the general law of comity pre- vailing among the various States of the Union, that we should recognize and uphold the right of this appellee to receive the bequests provided by the will. While there is some conflict in the decisions of the courts of the various States, we think that the decisions of the United States Supreme Court, which are controlling upon us, favor this doctrine of comity. *American & Foreign Christian Union* v. *Yount,* 101 U. S. 352, 25 L. ed. 888. In the light of the decision in that case, it cannot be successfully contended that something which the District of Columbia permits to its own corporations is so far against its public policy that it will not permit persons domiciled within its territory to devise their property to be used for the same pur- pose by a foreign corporation authorized by its own charter to receive and administer such bequests. But the position of the appellee is, we think, much stronger, for we have treated the property devised by the first clause of the will as real property. It appears that the will expressly directs that the real estate

shall be sold upon the death of the life tenants, and perhaps sooner. The proceeds are to be invested in personal property. The authorities are quite well agreed that such express direction of sale, though the time of sale is not immediate, operates to convert the property into personalty from the death of the testator. *Hope v. Brewer,* 136 N. Y. 126, 18 L. R. A. 458, 32 N. E. 558; *Reiff* v. *Strite,* 54 Md. 298. It is unnecessary to multiply authorities upon this point. The real estate being once converted into personalty, it matters even less than in the case of real estate, to the District of Columbia, whether such property goes into the hands of a foreign corporation to be held in trust as a perpetuity, or whether it be put to other uses. The District of Columbia, and its residents, are more interested in having the right of foreign cemetery companies to take property, real and personal, situate in the District, for the purpose of the care of cemetery lots, and the maintenance and care of monuments erected thereon, recognized, than other States or their residents can be, for the reason that so many of the people domiciled in the District come from other localities, or are the descendants of those who came from such localities, and, while passing their lives here, expect upon death to be laid in cemeteries located outside the District and which are not incorporated under its laws. In considering the policy of the laws of the District, we think this fact should not be lost sight of, and, in interpreting its laws, we must bear in mind that they are enacted by Congress, which represents all sections of our common country. The law of comity should therefore be recognized, even more broadly here than elsewhere, in all questions like the one under consideration.

Irrespective, however, of the peculiar conditions which here exist, we think the weight of authority upholds the decision of the lower court; and, while we were much impressed by the full and careful presentation of appellants' counsel, we do not find sufficient cause for holding that any error was committed in upholding clauses 1 and 12 of the will.

We do not think it necessary to here pass upon the question whether the Greenwood Cemetery Company has power, under

its charter, to act as trustee in the District of Columbia for property here located, and no power to convert the real estate into personalty, for the reason that equity will not allow the trust to fail for want of a trustee, but will, if necessary, appoint a trustee to carry it into effect.

There being no reversible error committed by the court below, it follows that the decree appealed from should be *affirmed, with costs. And it is so ordered.*

An appeal to the Supreme Court of the United States was allowed November 10, 1905.