This is an appeal from a judgment in favor of the respondent in a proceeding to determine heirship in the matter of the estate of Olai Hauge, deceased.
The decedent, a resident of the city of Butte, Montana, made a will, dated March 31, 1925, the first provision of which reads: "After the payment of any just debts, expenses of illness, if any, and funeral expenses, I give, devise and bequeath all my property to the Norwegian Lutheran Church of America, a benevolent, charitable and religious institution, with headquarters at 425-429 Fourth Street, South, Minneapolis, Minnesota." He declared in the second provision: "To the following named persons I give nothing," naming his mother, a half-brother and two half-sisters, residents of Norway. He nominated as executors two ministers of the Norwegian Lutheran Church of America, one residing in Anaconda, Montana, and the other in Spokane, Washington.
On November 19, 1928, the testator died in Butte. At that time his father and mother were dead; he was unmarried and he left no children. In March, 1929, the will was admitted to probate, and letters testamentary were issued to the executors therein named. Thereafter relatives of the decedent in Norway, appellants here, instituted proceedings in the district court of Silver Bow county to determine heirship, alleging themselves to be the heirs at law of the decedent, who left an estate consisting of $11,751.56, to which they claim to be entitled. They allege that respondent is a Minnesota corporation organized for religious purposes, which has not filed a certified copy of its articles of incorporation with the secretary of state, that it is not entitled to take under a will in Montana, and that the will is void.
Respondent filed an answer and cross-complaint to appellants' complaint, wherein it admits appellants to be heirs at law of the decedent, but denies that they are entitled to any portion of the estate; admits that respondent is a Minnesota *Page 39 
corporation and that it has not filed a copy of its articles of incorporation in the office of the secretary of state, and that it is not licensed to do business in the state of Montana. It sets forth several Minnesota statutes relating to the formation of private corporations, including "Religious Corporations," a copy of its articles of incorporation, and claims to be entitled to the estate under the will. Appellants replied to respondent's pleading, admitting the existence of the Minnesota statutes pleaded, the articles of incorporation of respondent, and the admission of the will to probate, but denied that respondent is entitled to the distributive remainder of the estate.
Appellants and respondent, respectively, moved for a judgment on the pleadings. Appellants' motion was denied and respondent's granted.
The determinative question is whether a testator, domiciled in Montana, may make a valid bequest of personalty to a benevolent, charitable, and religious corporation organized under the laws of Minnesota.
"The right to make testamentary disposition of property[1] depends entirely upon the will of the legislature. It may withhold the right altogether, or impose any limitations or conditions upon it which it chooses. (In re Noyes' Estate,40 Mont. 178, 105 P. 1013.) A necessary postulate of this proposition is that the legislature has the exclusive power to designate those whom the testator may make the objects of his bounty." (In re Beck's Estate, 44 Mont. 561, 121 P. 784, 786,1057, and see In re Mahaffay's Estate, 79 Mont. 10,254 P. 875.)
In Montana every person over the age of eighteen years, of[2-8] sound mind, may, by last will, dispose of all of his estate, real and personal. (Sec. 6974, Rev. Codes 1921.) But in section 6977, this restriction appears: "A testamentary disposition may be made to any person capable of taking the property so disposed of, except corporations other than those formed for scientific, literary, or solely educational purposes, *Page 40 
cannot take under a will, unless expressly authorized by statute."
Section 6977 has existed upon our statute books for many years in its present form. While its history may be interesting, it is not especially informative. "The evident meaning of this awkwardly expressed provision is," as was said by Judge Brantly in Re Beck's Estate, supra, "that natural persons and corporations formed for scientific, literary, or solely educational purposes may take through testamentary disposition, but that no other corporation may, unless expressly authorized by statute to do so."
The contention of appellants is that under this last section Olai Hauge could not lawfully make a testamentary disposition to respondent, which is a foreign religious corporation, not expressly authorized by statute to take under the will, and they argue that this position is fortified by the provisions of section 11, Article XV, of our state Constitution, which declares: "No foreign corporation shall do any business in this state without having one or more known places of business, and an authorized agent or agents in the same, upon whom process may be served. And no company or corporation formed under the laws of any other country, state or territory, shall have, or be allowed to exercise, or enjoy within this state any greater rights or privileges than those possessed or enjoyed by corporations of the same or similar character created under the laws of the state." The answer is: First, respondent has not done business in this state and is not attempting to do business here. It is simply attempting to receive a legacy bequeathed to it by one whose domicile was in Montana when he made his will and when he died. Second, if respondent has the capacity to receive, it will not mean that a Minnesota corporation, in receiving the legacy, will be allowed to exercise or enjoy within this state a right or privilege greater than that possessed or enjoyed by a corporation of the same or similar character created under the laws of this state. *Page 41 
"It is the general rule in the United States that, in the absence of some special disability declared by statute, any person may be a legatee or devisee. When the statute of wills, in designating those who are capable of taking, employs the word `persons,' without limiting its meaning, it also includes corporations, in the absence of a prohibition in the charter. (18 Am. Eng. Ency. of Law, 2d ed., 741; 7 Am. Eng. Ency. of Law, 2d ed., 721.)" (In re Beck's Estate, supra.)
The statute (sec. 6977) contains no special prohibition against foreign corporations. If a Montana corporation is expressly authorized to take under will, a foreign corporation of the same or a similar class, authorized by its charter to take, may do so.
Mr. Fletcher says: "A foreign corporation may take and hold personal property, if it is authorized to do so by its charter and it is not contrary to the public policy of the state for it to take such property. Personal property follows the locus of the owner, and there is no reason why it should be a matter of concern to the state that the personal property should pass to foreign corporations any more than to individuals residing out of the state. Consequently it is well said that a bequest of personal property or money to a foreign corporation is valid, if the corporation has the capacity to take the bequest and the testator is not prohibited by the laws of the state in which he is domiciled from making such bequests." (8 Fletcher, Cyc. Corp., sec. 5870.)
For many years the statutes of Montana have provided for the formation of private corporations for the support of public worship, and the "support of any religious, benevolent, charitable, educational, or missionary undertaking." (Sec. 5903, Rev. Codes 1921.)
In some states testators are prohibited from giving any part of their property by will to religious or benevolent societies or corporations. The only prohibition of that nature in this state is contained in section 7015, Revised Codes of 1921, which provides that no estate, real or personal, shall be devised or bequeathed to any charitable or benevolent society *Page 42 
or corporation or to any person or persons in trust for charitable uses, except the same be done by letters duly executed at least thirty days before the decease of the testator; if made at least thirty days prior to the death of the testator, the devise or legacy shall be valid: "provided, that the prohibition contained in this section shall not apply to cases where not more than one-third of the estate of the testator shall be bequeathed or devised for charitable or benevolent purposes." That section has no bearing here because the will had been in existence more than three years prior to the death of the testator.
Sections 6454 and 6455, as amended by Chapter 112, sections 2, 3, of the 1923 Session Laws, provide for the incorporation of religious or benevolent societies (mentioning, inter alia, church, synod, presbytery, conference, assembly, grand lodge) which may take and hold by purchase, gift, devise or bequest, either real or personal property, or both. If the legatee in this case were incorporated under our own applicable statutory provisions, there would be no question respecting the power of the testator to bequeath, nor the power of the legatee to receive, the bequest.
In passing, it is appropriate to say that, if respondent has the capacity to take, it is not necessary for it to file a certified copy of its articles with the secretary of state.
Except as otherwise provided, the validity and interpretation of wills are governed, when relating to real property within this state, by the law of this state; when relating to personal property, by the law of the testator's domicile. (Sec. 7069, Rev. Codes 1921.) The testator's domicile, when he made the will, and at the time of his death, was in this state. The validity and effect of the will is governed by the law of this state.
The law did not prohibit the testator from making the bequest. Has the legatee the power to take it? Simply stated, the question relates to the existence of the legatee as a person capable of taking the bequest, and carrying out the purpose of the testator in making it. Obviously, the question must be *Page 43 
resolved by the laws of the state under which the legatee was created, with special reference to the legatee's articles of incorporation. (5 R.C.L., sec. 102, pp. 1015, 1016; In reHenrikson's Estate, 163 Minn. 176, 203 N.W. 778; St. John v.Andrews Institute for Girls, 192 N.Y. 382, 85 N.E. 143;McDonogh v. Murdock, 15 How. 367, 14 L.Ed. 732; 2 Page on Wills, 2d ed., sec. 1440.)
As we have said, respondent, if incorporated in this state, could take the bequest. Whether we would sustain respondent's right to take if the laws of Minnesota were substantially different from ours, or left the question in doubt, need not be determined now. The laws of that state, as we shall show, are essentially like ours with respect to the right of a religious or benevolent corporation to receive a bequest if its charter authorizes it to do so. (See, generally, Iglehart v.Iglehart, 26 App. D.C. 216, 6 Ann. Cas. 732; affirmed,204 U.S. 478, 51 L.Ed. 575, 27 Sup. Ct. Rep. 329.)
Respondent was incorporated under Chapter 107, Session Laws of Minnesota for 1917, and sections 3152 and 3153 of the Revised Laws of Minnesota of 1905. Without going into detail, it is sufficient to say that these statutes provide that any diocesan council, synod, presbytery, conference, association or other general organization for ecclesiastical or religious purposes, may incorporate. Under the general powers granted to religious corporations by section 3162, such corporation may receive title by gift, grant or other conveyance of and to any property, real or personal.
Counsel for appellants argue that the word "gift" is not synonymous with the word "bequest," saying that a "gift" is a transfer of personal property made between living persons, while a "bequest" is the disposition of personal property by will. Even so, we find the text-writers and courts of high standing using the word "gift" to describe both a devise and a bequest. It is usual to employ the phrase "I give, devise and bequeath," or "I give and bequeath," in wills.
We find in section 328 of the Restatement of the Law of Conflict of Laws (by the distinguished Professor Joseph H. *Page 44 
Beale and a notable group of advisers) that in discussing the power of a testator to make, and a legatee to receive, a bequest, the phrase "the terms of the gift" is employed. (Compare Estateof Dol, 182 Cal. 159, 187 P. 428.)
Whether a corporation of the character of respondent may accept a devise or bequest under a will seems to be settled in Minnesota in favor of the power, and we shall accept the interpretation given by the supreme court of Minnesota to the statutes of its own state. That court, in the case of Little v.Universalist Convention, 143 Minn. 298, 173 N.W. 659, having to do with a devise of lands in trust to "The State Convention of Universalists of the State of Minnesota," held, taking the evident purpose of the testatrix into consideration, that it was permissible to construe the language of the will as a devise direct to respondent, notwithstanding the fact that the testator had used the language that the property was conveyed in trust. The court referred directly to section 6622 (formerly section 3162), Gen. Stats. 1913, saying: "Weight may be given to the fact that respondent is a religious corporation empowered by statuteto take property by gift. [Italics ours.] (Sec. 6622, Gen. St. 1913.) It was organized for religious, educational, benevolent, and missionary purposes." The court ended its opinion with these words: "Our conclusion is that the will may be construed as a direct devise to respondent, and as such it should be sustained."
The testator here had the capacity to make a will giving and bequeathing his estate to a benevolent, charitable and religious corporation under the laws of this state. It does not matter to this state whether he chose to give his property to a foreign religious or benevolent corporation, qualified to receive the same, in preference to his relatives in Norway. The property was his and he had the right to dispose of it as he pleased.
A will is to be construed according to the intention of the[9] testator (sec. 7016), and total intestacy is to be avoided if possible (sec. 7025; In re Spriggs' Estate, 70 Mont. 272,225 P. 617). *Page 45 
After a careful consideration the learned district judge decided that Olai Hauge had the capacity to make the will which is valid in form; that he had the power to make the bequest and the legatee has the capacity to receive it. We think he was right and that nothing now remains to be done except for the executor to transmit the remainder of the estate, after the payment of the necessary costs of administration, and of this proceeding.
Counsel for appellants call our attention to section 10372,[10] Revised Codes of 1921, which provides that the district court, or the supreme court on appeal, may in its discretion order costs to be paid by any party to the proceedings in cases of this nature or out of the assets of the estate as justice may require, and they ask that all costs on appeal, including reasonable attorneys' fees, be allowed to appellants out of the estate of the decedent to pay their costs and attorneys' fees for their services on appeal in this case. This is a matter which the district court is in better position to care for than we are. We do not know the present condition of the estate. It appears to us that the proceeding has been prosecuted in good faith and upon this hypothesis all costs on appeal should be paid from thecorpus of the estate, including reasonable attorneys' fees, the conditions surrounding the estate considered. Due care should be exercised as to the amount of attorneys' fees. Counsel for the executor are entitled to receive additional pay for increased labor because of the appeal. This entire matter is now reposed in the district court.
The judgment is affirmed.
ASSOCIATE JUSTICES GALEN, FORD, ANGSTMAN and MATTHEWS concur. *Page 46