No. 12789

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

IN THE MATTER OF THE ESTATE
OF: OSCAR W. CRADDOCK,
Deceased.

---

Appeal from: District Court of the Second Judicial District,
Honorable John B. McClernan, Judge presiding.

Counsel of Record:

For Appellant:

Edward D. Yelsa argued, Anaconda, Montana

For Respondent:

Burgess, Joyce, Prothero, Whelan and O'Leary,
Butte, Montana
Robert T. O'Leary argued, and Thomas Joyce appeared,
Butte, Montana

---

Submitted: November 22, 1974

Decided: JAN 10 1975

Filed: JAN 10 1975

*Thomas J. Kearney*
Clerk

PER CURIAM:

The proponent of the will of Oscar W. Craddock appeals the refusal of the district court of Silver Bow County to admit that will to probate; its denial of his motion for a new trial; and its denial of his motion to amend the judgment. Consideration of the issues raised is hampered by the state of the record in the district court. Accordingly, our discussion will primarily involve the procedures followed in the district court.

Oscar W. Craddock died on November 11, 1969, survived by a brother and five sisters. A purported holographic will was discovered among his papers in February 1972. His brother, Ralph H. Craddock, offered the will for probate in September of that year, but objections were filed by Pearl Trevenna, decedent's sister. Those objections alleged the holographic will had been mutilated and materially altered by someone other than Oscar W. Craddock.

The Register of Actions contained in the Silver Bow County district court file contains this notation:

> "Apr. 26, 1974 In this matter the alleged Will
> is denied admission to probate; the will contest
> is ordered dismissed, and General Letters of Ad-
> ministration are ordered issued to Ralph H.
> Craddock upon, his taking oath and filing bond
> in the sum of $10,000.00 and an order be entered
> accordingly."

Following that action by the district court, proponent moved for a new trial or for amendment of the judgment. He alleged there was insufficient evidence to sustain the judgment; that he had been deprived of formal trial on the issues; and, the district court had failed to enter written findings of fact and conclusions of law. The motion was denied.

Three issues are raised on proponent's appeal from the judgment and denial of his motion. They are:

(1) Did the district court err in denying the petition

- 2 -

for admission of the will to probate?

(2) Did the district court err in failing to enter written findings of fact and conclusions of law?

(3) Did the district court err in its rulings on proponent's requests for admissions?

Given the state of the record before us, we are unable to determine either of proponent's first two issues. While the law clearly establishes the procedures to be followed in the probate of a will, the record fails to disclose whether or not there was compliance with those requirements.

In interpreting Montana's probate laws, the Court has held the proponent of a will must make a prima facie showing that the proposed will was executed in conformity with statutory requirements. In re Silver's Estate, 98 Mont. 141, 38 P.2d 277; In re Bragg's Estate, 106 Mont. 132, 76 P.2d 57. Here, the requirement that the holographic will be entirely in the testator's handwriting is the determinative factual issue. Section 91-108, R.C.M. 1947.

Montana's procedural rules concerning probate of a will have, prior to the enactment of the Uniform Probate Code which has not yet gone into effect, remained substantially unchanged since the nineteenth century. Section 91-901, R.C.M. 1947, provides that issues of fact affecting the validity of the will are to be tried, either before the court or a jury. This provision applies only to contested probates, but even uncontested wills require the taking of testimony and proof of the will. Section 91-809, R.C.M. 1947.

Our procedure was succinctly set forth in In re Silver's Estate, 98 Mont. 141, 151, 38 P.2d 277, where it is stated:

> "Thus, on a contest before probate, the proponent of the will must first show that the will would be entitled to probate except for the contest, whereupon the parties proceed

with the trial * * *." (Emphasis supplied)

Our concern here is whether the proponent had opportunity to present evidence establishing his prima facie case of validity. An affidavit filed by proponent's counsel, and included in the district court file, asserts:

> "That proponent was ready and is now ready to prove that the proposed will is entirely in the handwriting of the decedent. That the affiant has not presented the case of the proponent in court as of the date of this affidavit. That the ruling of the trial court as [sic] precluded the presentation of the case of proponent on its merits * * *."

This affidavit was filed a week after the district court denied admission of the will to probate and dismissed the contest.

Our determination is complicated by the assertions of counsel in their appellate briefs. Proponent's counsel, consistent with his affidavit, claims that no hearing was had on April 26, 1974. Contestant's counsel flatly states that "hearing was held by the Court on April 26, 1974". The district court file contains no indication one way or the other.

Generally, this Court will indulge all reasonable presumptions in favor of the regularity of the proceedings below. Feely v. Lacey, 133 Mont. 283, 322 P.2d 1104; Kunesh v. City of Great Falls, 132 Mont. 285, 317 P.2d 297. Our inquiry then becomes whether it is reasonable to presume, on this record, that the evidentiary hearing required by law took place.

A hearing did take place before Judge Freebourn in 1972, but he was disqualified in the following year. No transcript of the hearing was prepared, so no testimonial evidence introduced there was available to the substituted judge, Judge McClernan. Furthermore, since Judge Freebourn made no ruling on the merits, proponent was entitled to a hearing before Judge McClernan.

The record here contains no minute entry indicating that such a hearing took place. It contains no notice or setting of

- 4 -

a hearing for April 26, 1974. It contains only the affidavit of proponent's counsel, swearing that "a hearing was not held on the merits of the case".

The importance of this hearing to probate procedure in Montana prevents us from indulging the presumption of the correctness of the proceedings below when the record bears no substantial evidence of the hearing. However, our holding here is limited to the facts of this case. This is not a case where proponent has indicated that he has no evidence other than the will itself. Nor is it one where the proponent has indicated no desire for a hearing. Three months prior to the appealed order, proponent filed a notice that he was prepared for trial.

Accordingly, we remand this case to the district court for a hearing at which proponent is to make his prima facie showing of the proper execution of the will. By so holding, we make no disposition as to the merits of the issue. The alterations appearing on the face of this holographic will, if unexplained, could invalidate the will. The determination rests with the district court upon proper hearing.

The state of the record also prevents our ruling on the issue of whether or not findings of fact and conclusions of law should have been entered. Findings of fact and conclusions of law need not be entered under all circumstances. The exceptions are expressed within the rule itself and will not be considered here, since we are unable to determine how the court's ruling was reached.

Finally, we consider proponent's contention that the district court erred in refusing to strike contestant's answer to a request for admission or, in the alternative, to deem it admitted. Proponent requested that contestant admit or deny that contestant knew of no witnesses who would testify that one

other than the testator made the alterations in the will. Contestant responded by asserting that proponent had the burden of proving the will was entirely in the testator's handwriting.

Requests for admissions are governed by Rule 36, M.R. Civ.P. They will be deemed admitted unless denied, objected to, or are not subject to admission or denial. As set forth in the rule, grounds for objection are privilege, irrelevancy, or impropriety.

The court's order indicates that while proponent's motion might have been well founded, the request for admission would be answered at pretrial conference scheduled shortly thereafter, and the present motion was denied. The matter was then lost during the attenuated maneuvering of proponent, including his disqualification of the first judge only days after the pretrial conference and before a pretrial order could be issued. Although there was also a pretrial conference before Judge McClernan, proponent did not propose inclusion of this matter in his proposed pretrial order.

Under the circumstances here, we are not prepared to find error in the district court's denial of the motion. The case is accordingly remanded for further proceedings not inconsistent with this opinion.