In the Matter of the Estate of OSCAR W. CRADDOCK, De-
CEASED.

No. 13957.
Submitted Sept. 18, 1978.
Decided Oct. 16, 1978.
586 P.2d 292.

Edward D. Yelsa argued, Anaconda, for appellant.

Burgess, Joyce, Prothero, Whelan & O'Leary, Thomas F. Joyce (argued), Butte, for respondent.

MR. CHIEF JUSTICE HASWELL delivered the opinion of the Court.

A purported holographic will was denied admission in probate by the District Court of Silver Bow County. Proponent appeals. We affirm.

The issue is whether the purported will, written with a pencil on a small piece of paper, is entirely in decedent's handwriting, qualifying it as a valid holographic will. The focus of this issue is whether blue penciled cross-outs, obliterating part of the sentence, were made by decedent.

Proponent of the purported will is Ralph Craddock, decedent on the latter's ranch near Ramsey, Montana, from 1953 until 1969, and who performed most of the physical labor on the ranch. From 1960 until 1969, two sisters of decedent, Ruby and Myrtle Craddock, lived on the ranch taking care of the household duties.

Decedent Oscar W. Craddock died in November, 1969, survived by his brother, Ralph, and five sisters, two of whom were Ruby and Myrtle. In February, 1972, Ruby found the purported holographic will in a cupboard above the kitchen sink in the ranch house. Ralph took the purported holographic will to the Silver Bow County Attorney's office shortly thereafter. A few days later, Ralph retrieved it and returned it to the cupboard, where it remained until September, 1972.

In September, 1972, Ralph offered the purported will for probate in the District Court, Silver Bow County. A third sister, Pearl Travenna, contested its admission in probate, alleging it had been mutilated and materially altered by someone other than decedent.

The purported holographic will was denied admission in probate in April, 1974. Proponent appealed. We remanded the case to the District Court for a further hearing because of procedural ir-

regularities, expressly making no determination on the merits. *Estate of Oscar W. Craddock* (1975), 166 Mont. 68, 530 P.2d 483, 485.

On remand, a hearing was held and the District Court admitted the will to probate. Contestant appealed. We reversed the court's order for failure to make findings of fact and conclusions of law as required by Rule 52(a), M.R.Civ.P., and directed the District Court to make findings of fact and conclusions of law. *In re Estate of Craddock* (1977), 173 Mont. 8, 566 P.2d 45. In that opinion, for the purpose of expediting final decision in the matter, we ruled that proponent was not entitled to any presumption that the cross-outs were made by decedent. We stated our ruling in this language:

"It is not logical inference from the facts of the present case that the testator made the cross-outs in question. This holographic will, which leaves the entire estate to the proponent, was found two and one half years after the testator's death. The proponent then retained possession of the will for seven months and presented it for probate following the death of one sister and the mental hospitalization of the other sister, both of whom had resided with the testator and performed his household duties. Under such circumstances, this proponent is not entitled to the evidentiary benefit of a presumption, if any does exist, that the testator authored the cross-outs in question." 566 P.2d at 47.

Following this second remand, the District Court denied the purported holographic will admission to probate, expressly finding that proponent failed to make a prima facie case that the purported will was entirely in the handwriting of decedent. Proponent's appeal from that decision is not before us for determination.

The purported holographic will is reproduced in our prior decision. *In re Estate of Craddock*, 566 P.2d at 46.

The District Court's finding of fact regarding the blue penciled cross-outs reads:

"There was no testimony or proof submitted by the proponent that decedent Oscar W. Craddock made the cross-overs in the will or that said cross-overs were made in the handwriting with said

pencil offered in evidence. The fact that a pencil was found in the decedent's home three years after death and six years after the document of June 20, 1966, was made is simply of no probative value on the question of whether the document of June 20, 1966 is entirely in the handwriting of the decedent and therefore entitled to probate as a valid holographic will."

■ A holographic will entitled to admission in probate must be entirely in the handwriting of the testator. Section 91-108, R.C.M. 1947 (repealed by Ch. 365, § 2 Laws of Montana (1974)). It must be uncontaminated by a stranger's touch. *In re Irvine's Estate* (1943), 114 Mont. 577, 580, 139 P.2d 489-90.

■ The proponent of a purported holographic will bears the burden of proving that it is entirely in the handwriting of the decedent; he must establish a prima facie case that it is qualified for admission to probate. *In re Bragg's Estate* (1938), 106 Mont. 132, 137-38, 76 P.2d 57, 59-60; *In re Silver's Estate* (1934), 98 Mont. 141, 151, 38 P.2d 277, 280.

■ In this case proponent's proof consisted of his own testimony, the testimony of Charlene Berryman, and various exhibits admitted in evidence. The sum total of proponent's evidence does not establish a prima facie that the blue penciled cross-outs were authored by the testator.

■ Proponent argues that "[i]ntestacy in whole or in part has always been avoided, if possible, by this court. *In re Hauge's Estate*, 92 Mont. 36, 9 P.2d 1065 (19[32])." *Estate of Jones* (1965), 146 Mont. 439, 446, 408 P.2d 482, 486. It is equally true that construction which lead to intestacy are not favored, and, if possible, interpretation of a proffered document should be such as to prevent such a result. *In re Spriggs' Estate* (1924), 70 Mont. 272, 275, 225 P. 617, 618. We do not depart from those rules in this case, but a valid will must exist before it can be construed or interpreted. *In re Estate of Gudmunsen* (1976), 169 Mont. 53, 57, 545 P.2d 146, 148.

Counsel for proponent argues that Ralph H. Craddock's testimony to the effect that "the blue indelible pencil belonging to the

testator was the pencil that did make the cross-outs . . . thereby creates the inference that the testator made the cross-outs. This alone establishes the necessary prima facie case that Contestant failed to meet." We disagree.

Proponent did not present evidence proving that the testator himself made the cross-outs. Proponent did not present evidence, "which suffices for the proof of a particular fact, until contradicted and overcome by other evidence," section 93-301-11, R.C.M. 1947, so as to sustain a prima facie case.

"The proof in support of probate must be sufficient to convince the court that the paper produced is the lawful will of the testator.

"A prima facie case is made when it is shown that all the requirements of law have been observed in the execution of the will, and unless such prima facie case is made the court should refuse probate even where probate is not contested." G. Thompson, *The Law of Wills*, 3rd Ed., § 199.

Because proponent did not make a prima facie case, the court properly refused probate.

The findings of the District Court will not be disturbed on appeal where the record contains substantial evidence upon which they may be sustained. *In re Choiniere's Estate* (1945), 171 Mont. 65, 74, 156 P.2d 635, 639. Because the record supports the determination made by the District Court in the instant case, we refrain from disturbing them. See *Murphy v. Nett* (1913), 47 Mont. 38, 58, 130 P. 451, 456.

Affirmed.

MR. JUSTICES HARRISON, DALY, SHEA and SHEEHY concur.