No. 81-419

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

RALPH CRADDOCK,

Plaintiff and Appellant,

vs.

ROBERT BERRYMAN and GEORGE TREVENNA,
Personal Representatives of the
Estate of Oscar W. Craddock,
deceased, et al.,

Defendants and Respondents.

Appeal from: District Court of the Second Judicial District,
In and for the County of Silver Bow
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Edward D. Yelsa, Anaconda, Montana

For Respondents:

Burgess, Joyce and Whalen, Butte, Montana
Neil Lynch, Butte, Montana

Submitted on briefs: February 4, 1982

Decided: May 6, 1982

Filed: MAY 6 1982

*Thomas J. Kearney*
_____
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Appellant brought an action in the Second Judicial District Court seeking to quiet title based upon adverse possession or, in the alternative, to obtain a decree of specific performance of an oral contract to make a will. The trial court entered summary judgment in favor of defendant on appellant's claim of adverse possession. Trial was held to the court on appellant's claim for specific performance. The trial court entered judgment in favor of defendants, denying the relief requested. Appellant appeals both judgments.

Oscar Craddock died on November 22, 1969, at the age of 80 years. Oscar Craddock and the appellant, Ralph Craddock, were brothers. The two brothers farmed and ranched near Rocker and Ramsay in Silver Bow County, Montana. Oscar Craddock sustained several horse-connected injuries and became crippled from arthritis in the early 1950's.

Ralph Craddock testified that in August of 1954, Oscar proposed to Ralph that if he, Ralph, would move his equipment down to Oscar's place, and care for Oscar's ranch and for Oscar himself, that he, Oscar, would leave his land to Ralph. Ralph Craddock further testified that he performed by moving to Oscar's ranch, caring for Oscar personally, and doing all of the ranch work. Corroborative testimony was received showing that Ralph Craddock cared for his brother's personal needs and worked his ranch. However, there was no testimony which directly corroborated Ralph's testimony that there was an oral contract to will him the land. Based upon this testimony, the appellant sought to have an oral contract to make a will specifically performed.

In March of 1972, a purported holographic will was found, leaving Oscar's land to Ralph. After three appeals

-2-

to the Montana Supreme Court, the purported holographic will was declared to be invalid and denied admission to probate. See In re Craddock's Estate (1975), 166 Mont. 68, 530 P.2d 483; In re Craddock's Estate (1977), 173 Mont. 8, 566 P.2d 45; In re Craddock's Estate (1978), 179 Mont. 74, 586 P.2d 292.

Appellant sought to quiet title based upon adverse possession by filing a complaint in March of 1980. He alleged that he had been in possession of the land since November of 1969, when Oscar Craddock died. He alleged he had been in actual, exclusive, open, notorious and adverse possession of the land, under claim of title and color of title for a continuous period of five years preceding the filing of the action and, during the time in question, had paid all taxes assessed against the property. Respondents contend that from and after March, 1972, when appellant offered the purported holographic will for probate, litigation was in existence over the status of title to the property and that the limitation period necessary for adverse possession could not run.

The following issues are dispositive:

(1) Did the trial court err in granting summary judgment on the issue of adverse possession?

(2) Is there substantial credible evidence to support the trial court's finding that there was no oral contract to make a will?

Defendants moved for summary judgment on the adverse possession count, contending that appellant claimed title under the purported holographic will and was estopped from claiming title by adverse possession. Respondents further rely upon Flathead Lumber Corporation v. Everett (1953), 127 Mont. 291, 263 P.2d 376, wherein this Court said:

"During the pendency of the action defendants
can acquire no new right as against plaintiffs
by the mere fact that they remain in possession."

The District Court, in its opinion of August 20, 1980,
held the undisputed facts showed that the plaintiff was not
in possession, claiming adversely, and hence granted summary
judgment.

The record clearly shows that the appellant claimed
under color of right against the interest of respondents and
did so continuously from 1969 to the present. The record
also shows that appellant paid taxes on the property for the
statutory period. However, the weakness in the appellant's
position is that respondents did not acquiesce in appellant's
claim to the property, but rather contested that right.
Since 1972, respondents have sought to dispossess appellant
through the litigation process and, during the pendency of
that litigation, the period for adverse possession does not
run. See Flathead Lumber Corporation v. Everett, supra, and
authorities cited therein. The summary judgment in favor
of respondents on adverse possession is affirmed.

Appellant contends that the undisputed evidence in this
case proves an oral contract whereby Oscar Craddock agreed
to leave his land to appellant, the consideration being
appellant's services rendered to Oscar Craddock. Respondents
counter by asserting the law looks with disfavor upon oral
contracts to make a will and, absent clear and convincing
proof of such a contract, courts will not honor them.

Appellant gave testimony which, if believed, would
support an oral contract to make a will. The remainder of
the testimony offered only proved that Oscar Craddock intended
to leave his land to the appellant and that the appellant
rendered services to Oscar Craddock. After hearing all of

-4-

the testimony, the trial court determined that appellant had failed to carry his burden and denied specific performance.

Contracts to make wills are looked upon with disfavor because the other contracting party is dead and cannot affirm or deny the making of the contract. The law, therefore, requires clear and convincing evidence. Sanger v. Huguenel (1922), 65 Mont. 236, 221 P. 349. See also Cox v. Williamson (1951), 124 Mont. 512, 227 P.2d 614; Conitz v. Walker (1975), 168 Mont. 238, 541 P.2d 1028.

The rule in Sanger is based upon sound public policy. Section 72-2-105, MCA, 1981, now provides that a contract to make a will must be in writing or referred to in a written will. The codification is an extension of a public policy enunciated in Sanger.

This Court has repeatedly held that it will not substitute its judgment for that of the lower court on factual issues if there is credible evidence to support the court's findings. Kearns v. McIntyre Construction Co. (1977), 173 Mont. 239, 567 P.2d 433. The trial court found the services rendered were rendered gratuitiously, out of brotherly love and not as a result of the alleged oral contract. There is sufficient credible evidence in the record from which the trial court could draw such an inference. Therefore, we affirm the judgment of the trial court in denying specific performance of the alleged oral contract.

Appellant also contends he was denied his right to trial by jury. The record shows that after defendants' motion for summary judgment on adverse possession was granted, the court set the remaining count, that being one for specific performance, for trial to the court without a jury. No objection was made to trial commencing without a jury.

Furthermore, the relief sought was equitable.  Appellant's argument fails.

Appellant, after judgment denying specific performance was entered, sought to amend the judgment to allow damages for the reasonable value of services performed for Oscar Craddock.  This was denied by the trial court and properly so.  A claim for damages was not pleaded, not addressed in the evidence and could not be raised post judgment.

The judgment of the trial court is in all respects affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices