No. 00-315

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 117

TUNGSTEN HOLDINGS, INC., a Montana Corporation,

Plaintiff, Respondent and

Cross-Appellant,

v.

MARIE PARKER,

Defendant and Appellant,

APPEAL FROM: District Court of the Nineteenth Judicial District,

In and for the County of Lincoln,

The Honorable Robert S. Keller, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William A. Douglas, Douglas Law Firm, P.C., Libby, Montana

For Respondent:

Thomas R. Bostock, Warden, Christiansen, Johnson & Berg, PLLP,

Kalispell, Montana

Submitted on Briefs: January 11, 2001
Decided: July 10, 2001

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 The Plaintiff, Tungsten Holdings, Inc., brought this action to quiet title to real property in the District Court for the Nineteenth Judicial District in Lincoln County. The District Court entered judgment in favor of Tungsten based on its conclusion that the Appellant, Marie Parker, had not acquired title to the property by adverse possession. Parker appeals from the judgment and Tungsten cross-appeals the District Court's holding that a prior lawsuit did not interrupt the five year period for adverse possession. We reverse in part and affirm in part the order and judgment of the District Court.

¶2 The following issues are presented on appeal:

¶3 1. Did the District Court err when it concluded that Parker did not pay property taxes as required by § 70-19-411, MCA?

¶4 2. Did the District Court err when it concluded that Tungsten's prior lawsuit did not interrupt the five year period for adverse possession?

## FACTUAL BACKGROUND

¶5 The parties set forth the material facts and issues of law in a Statement of Agreed Facts and Stipulation dated June 22, 1999. The stipulated facts indicate that Parker received a tax deed to Lots 20 and 34 of the McAlmond Claim from the Lincoln County Treasurer on November 24, 1992. Parker recorded the tax deed on December 1, 1992. However, Parker failed to pay property taxes on the lots for the 1993, 1994, 1995, and 1996 tax years. As a result, Lincoln County took a tax sale assignment for the 1993, 1994, and 1995 tax years. On June 27, 1997, Parker redeemed the property from the tax assignments taken by Lincoln County and paid the 1996 property taxes prior to any tax sale.

¶6 On or about October 31, 1997, Parker received the Notice of Taxes for 1997 for Lots

20 and 34 from the Lincoln County Treasurer. The first installment of the 1997 property taxes on Lots 20 and 34 was due on November 30, 1997. Parker did not pay the 1997 property taxes. Tungsten, after obtaining deeds from the former owners of the lots, paid the 1997 property taxes on July 16, 1998 and has paid all further taxes since that date.

¶7 The tax deed Parker received in 1992 was defective. Consequently, Parker's claim to Lots 20 and 34 was predicated entirely on Montana's adverse possession statutes found in §§ 70-19-407, -408, and - 411 MCA. The parties stipulated that Parker's actions on the property since November 24, 1992, satisfied the criteria for adverse possession pursuant to § 70-19-408, MCA, which provides for adverse possession based on a written instrument.

¶8 Finally, the parties agreed that the issues of law to be resolved by the District Court were whether Parker had paid the real property taxes in conformity with § 70-19-411, MCA and whether Tungsten's prior lawsuit tolled the five year adverse possession period. The parties stipulated that Parker would be entitled to summary judgment in the event that the District Court determined that she had paid the property taxes as required by § 70-19-411, MCA and that the period of adverse possession was not tolled by the prior action. Conversely, Tungsten would be entitled to summary judgment quieting title to the premises if the District Court determined that Parker had not paid the property taxes or, alternatively, that the adverse possession period had been tolled by the prior action. Following the submission of opposing motions for summary judgment, the District Court concluded that Parker had not paid the real property taxes as required by § 70-19-411, MCA and on that basis granted summary judgment to Tungsten quieting title to the premises in its favor. The District Court also declared the tax deeds issued to Parker for the property null and void and awarded costs to Tungsten. Parker now appeals from the judgment of the District Court. Tungsten cross-appeals the District Court's determination that the adverse possession period was not tolled by its prior action.

## STANDARD OF REVIEW

¶9 Our standard of review of appeals from summary judgment is *de novo*. *Motarie v. Northern Montana Joint Refuse Disposal Dist*. (1995), 274 Mont. 239, 242, 907 P.2d 154, 156. We apply the same criteria which is applied by the district court pursuant to Rule 56 (c), M.R.Civ.P. *Spinler v. Allen*, 1999 MT 160, ¶ 14, 295 Mont. 139, ¶ 14, 983 P.2d 348, ¶ 14. The moving party must establish both the absence of genuine issues of material fact and entitlement to judgment as a matter of law. *Hadford v. Credit Bureau of Havre, Inc.*, 1998 MT 179, ¶ 14, 289 Mont. 529, ¶ 14, 962 P.2d 1198, ¶ 14. Once the moving party has

met its burden, the opposing party must present material and substantial evidence, rather than mere conclusory or speculative statements, to raise a genuine issue of material fact. *Hadford*, ¶ 14.

## DISCUSSION

## ISSUE 1

¶10 Did the District Court err when it concluded that Parker did not pay property taxes as required by § 70-19-411, MCA?

¶11 Parker contends that the District Court erred when it held that § 70-19-411, MCA requires payment of property taxes without consideration of when such taxes are due. Parker argues that § 70-19-411, MCA should be interpreted in combination with Title 15 of the Montana Code. Title 15 includes the statutory provisions for levy, notice, and payment of property taxes.

¶12 It is uncontroverted that Parker's claim to Lots 20 and 34 is based on the theory of adverse possession. Pursuant to § 70-19-411, MCA, a party claiming adverse possession must occupy the property continuously for five years and must have "paid all the taxes, state, county, or municipal, which have been legally levied and assessed upon said land." The parties stipulated that Parker's actions on Lots 20 and 34 met the physical requirements for adverse possession. However, in the District Court Tungsten argued that all property taxes "legally levied and assessed" had not been paid. Parker received notice for 1997 property taxes due on Lots 20 and 34 on or about October 31, 1997. Parker has not paid those property taxes. Parker's five year period of adverse possession commenced when she received the defective tax deeds on November 24, 1992. Therefore, the five year adverse possession period would have expired on November 24, 1997. However, the District Court held that the 1997 property taxes were "levied and assessed" prior to November 24, 1997. Because Parker failed to pay those taxes, the District Court concluded that her claim for adverse possession failed.

¶13 Parker contends that § 70-19-411, MCA should be interpreted in combination with Title 15's statutory provisions for levy, notice, and payment of property taxes. Parker points out that pursuant to § 15-10-305(2), MCA, real estate taxes are levied and assessed on the second Monday in October of each taxable year, but that § 15-16-102, MCA specifically provides that one-half of each year's property taxes are payable on or before

November 30 and the other one-half are payable on or before May 31of the following year. Therefore, while taxes against the property for 1997 had been levied prior to the expiration of the five year period of adverse possession, those taxes were not delinquent until November 30, after the five year period had passed. Parker argues that she paid all property taxes that had come due during the five year period. On that basis, she contends that the District Court erred in its interpretation of § 70-19-411, MCA.

¶14 Although we have no prior decision directly on point, we agree that the interpretation of § 70-19-411, MCA advocated by Parker is more consistent with rules of statutory construction. Based on the longstanding principle that statutes should be interpreted whenever possible in a manner which gives effect to all statutory provisions, we conclude that § 70-19-411, MCA does not require the payment of taxes which are not yet due in order to sustain a claim of adverse possession. *See* § 1-2-101, MCA. The 1997 taxes on the property in question were not due until November 30, 1997. However, Parker's five year adverse possession period ended a week earlier on November 24, 1997. Accordingly, we reverse the District Court's conclusion that Parker did not meet the requirements of § 70-19-411, MCA.

¶15 Tungsten advances alternative arguments for upholding the judgment of the District Court. Tungsten first contends that the District Court's judgment should still be upheld because Parker's redemption of taxes assessed during the five year adverse possession period does not constitute payment. Tungsten argues that despite our holding in *Laas v. All Persons* (1948), 121 Mont. 43, 189 P.2d 670, a redemption of back taxes is not payment of taxes within the meaning of § 70-19-411, MCA. Tungsten suggests we now hold that the payment of back taxes by redemption does not qualify as payment for purposes of establishing adverse possession. Tungsten argues that allowing an adverse possessor to wait for years before paying back taxes fails to give notice to the true owner that the land is being claimed adversely.

¶16 We find no reason to overrule *Laas*. In *Laas* we held that an adverse possession claimant was not required to pay the taxes on time in successive years. *Laas*, 121 Mont. at 55, 189 P.2d at 676. We held that the claimant need only show that at some point in time the taxes levied and assessed against the subject property during the period of adverse possession were paid. Moreover, we note that Tungsten had adequate notice that Lots 20 and 34 were being claimed adversely. In the Statement of Agreed Facts, the parties stipulated that:

5. The activities physically conducted by the Defendant, upon the premises at issue since November 24, 1992, satisfy the criteria for adverse possession of property as required by Section 70-19-408, MCA.

¶17 Tungsten next contends that the adverse possession period could not have commenced prior to December 1, 1992, the date Parker recorded the tax deed upon which her claim of adverse possession was founded. Again, Tungsten's contention is predicated on a concern for notice. As Tungsten states in its brief, "where such claim is founded upon a written instrument, notice of the claim can only be imputed to the owner when the instrument is recorded."

¶18 However, Montana's adverse possession statutes, §§ 70-19-404, -406, -407, -408, and -411, MCA, do not require that the written instrument upon which the adverse possession claim is grounded be recorded in order to provide notice of the adverse possession to the true owner. In fact, § 70-19-408, MCA lists the physical acts which must be done by the adverse claimant in order to provide notice that the land is being adversely possessed. The only notice of adverse possession the owner is entitled to receive are those acts and conditions described in § 70-19-408, MCA. As discussed above, the parties in this case have stipulated that Parker met the criteria for adverse possession as required by § 70-19-408, MCA.

ISSUE 2

¶19 Did the District Court err when it concluded that Tungsten's prior lawsuit did not interrupt the five year period for adverse possession?

¶20 Tungsten cross-appeals the District Court's determination that a prior lawsuit did not toll Parker's five year period of adverse possession. Tungsten contends that the five year period was interrupted by an action filed by Tungsten in Cause No. DV-95-118. In that action, Tungsten requested that title to an easement over Lot 34 of the McAlmond Claim be quieted in its favor. The prior action remained pending for a year and a half, from November 10, 1995 to May 6, 1997.

¶21 Tungsten cites *Brown v. Cartwright* (1973), 163 Mont. 139, 515 P.2d 684; *Flathead Lumber Corp. v. Everett* (1953), 127 Mont. 291, 263 P.2d 376; and *Craddock v. Berryman* (1982), 198 Mont. 155, 645 P.2d 399 in support of this argument. While we agree that those cases correctly state the rule that the five year period is tolled during the pendency of

an action seeking to establish title to the property which conflicts with the title claimed by the adverse claimant, we conclude that the rule does not apply to the facts of this case. *Brown*, *Flathead Lumber*, and *Craddock* were all actions to quiet title. Cause No. DV-95-118 simply sought to establish an easement over Lot 34 in Tungsten's favor. It did not challenge Parker's title to the property. In fact, by seeking an easement over Lot 34, Tungsten acknowledged that it had no ownership interest in the property - "An easement creates a nonpossessory right to enter and use land in the possession of another. . ." Restatement (Third) of Property § 1.2 (1998). Furthermore, the premise for the easement claim was that Parker held title by tax deed. Therefore, the prior action was not an action to establish title adverse to Parker and did not interrupt Parker's five year adverse possession period.

¶22 We conclude that Parker paid all property taxes which were due on the property in question and that the period of adverse possession was not interrupted. Therefore, the requirements of § 70-19-411, MCA were satisfied. Consequently, Parker acquired title to the premises by adverse possession on November 24, 1997. Accordingly, the judgment of the District Court is reversed and this case is remanded to the District Court for entry of judgment in favor of Parker.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ PATRICIA COTTER