193 Mich. App. 579 (1992)
484 N.W.2d 755
In re ESTATE OF MORRIS
MORRIS
v.
CARR
Docket No. 132702.
Michigan Court of Appeals.
Decided April 7, 1992, at 9:15 A.M.
Rosemary Scott, for the claimant.
Before: FITZGERALD, P.J., and HOOD and CAVANAGH, JJ.
PER CURIAM.
Claimant Kenneth Morris appeals as of right from an order denying his claim against the estate of his mother. We vacate the order of the probate court and remand for further proceedings in light of In re Lewis Estate, 168 Mich App 70; 423 NW2d 600 (1988).
I
Decedent died in 1988, leaving a will prepared in 1965. The will provided for the equal division of her entire estate among her four children. Claimant filed a timely claim for $29,860.19, representing the total amount of labor and construction costs between 1979 and 1988, in addition to costs stemming from several loans used to finance construction *581 in the mid-1960s, all of which claimant incurred during the course of remodeling decedent's house.
Claimant and three other persons who knew decedent testified on claimant's behalf. Phyllis Andrus, decedent's daughter, testified that decedent had placed her name on the deed to decedent's house in Stanton, apparently in return for having been cared for by Andrus. It is not clear from the evidence when the deed was changed Andrus provided a home for decedent for about three years after the death of decedent's husband, during which time decedent lived in Stanton only in the summertime. When claimant undertook renovation of her Stanton house, however, decedent moved there permanently. Claimant continued work on the house and looked after decedent. Andrus recalled a Thanksgiving Day conversation with decedent during which decedent told Andrus that she had advised claimant to save all his receipts in case he needed to prove what he had done. Andrus stated that decedent often stated that she wanted to leave the property to whomever took care of her, and that decedent wanted claimant to receive her interest in the house. The other witnesses unanimously testified that decedent had expressed an intention to leave claimant the house when she died in return for his work.
Claimant corroborated the testimony of the other witnesses and testified regarding the extensive improvements he made, which essentially converted the house from a summer cottage to a year-round residence suited to the needs of an older person. The estate presented no witnesses.
The probate court found evidence of decedent's intention to pay claimant lacking and issued an order denying the claim.
*582 II
Lewis, supra, involved a claim by a woman who had cared for a man for several years before his death in anticipation of being "taken care of" after his death. Id., p 72. However, as his death approached, the decedent reconsidered and modified his will to the apparent detriment of the claimant. We reviewed the applicable law, distinguishing between contracts implied in law and those implied in fact. The former, we explained, are not contractual but equitable obligations imposed upon a party in order to avoid an unjust result. However, such a construction may not be applied where a special relationship exists between the parties, in which case the presumption arises that the services in question were rendered gratuitously. Id., p 74. On the other hand, a court may recognize a contract implied in fact notwithstanding this presumption "`when services are performed by one who at the time expects compensation from another who expects at the time to pay therefor.'" Id., p 75 (emphasis added).
Whether the latter type of contract should be implied is a question of fact, which this Court reviews under the clear error standard. A finding of fact is clearly erroneous when, although there is evidence to support it, a reviewing court is left with a definite and firm conviction that a mistake has been committed. Id., pp 74-75. Relevant facts include "the type of services rendered, the duration of the services, the closeness of the relationship of the parties, and the express expectations of the parties." Id., p 75. See also Roznowski v Bozyk, 73 Mich App 405, 409-410; 251 NW2d 606 (1977). We concluded in Lewis that the probate court erred in finding an implied contract to exist in that case, because (1) there was a special relationship *583 between the parties, sufficient to defeat a finding of a contract implied in law, and (2) the evidence presented did not amount to a contract implied in fact because the services provided were not performed with the expectation of a legacy. Rather, the claimant expressly declined to discuss specific bequests, leaving the compensation entirely up to the discretion of the decedent. In Roznowski, we reversed the order of the lower court in favor of the plaintiff because the mere receipt by the defendant of a benefit from the plaintiff's services did not suffice to establish a contract implied in law (quantum meruit) because of the presumption of gratuity. However, we remanded for a new trial regarding the issue of a contract implied in fact because evidence was presented from which the trier of fact could have found that the services were performed under the expectation of compensation.
Roznowski, unlike Lewis, did not involve a claim by a party dissatisfied with the terms of a will. The present case is nevertheless closer in some respects to Roznowski than to Lewis. The evidence is uncontroverted that decedent intended claimant to receive her share of the house when she died in return for the large amount of work claimant performed. Such evidence came not only from claimant but also from acquaintances of decedent. Second, there was ample evidence from which one could conclude that claimant performed at least some of the work because of his expectation, created by affirmative statements of decedent, that decedent would compensate him, albeit after her death, for his services.
We find the probate court's analysis and resolution of the claim problematic. It appears that the probate court considered the claim only in light of In re Abel's Estate, 173 Mich 93; 138 NW 325 *584 (1912) (while a presumption of gratuity arises when services are performed by a child for a parent, the presumption may be defeated where there is evidence of an intention by the parent to pay the child for his services). The probate court in this case did not expressly consider later cases, including Lewis and Roznowski, nor did it examine the circumstances tending to show the expectations of the parties. Therefore, we cannot determine whether the probate court applied the proper law in resolving this case.
Moreover, neither the probate court nor claimant has addressed the effect of MCL 700.140; MSA 27.5140 (§ 140 of the Revised Probate Code, MCL 700.1 et seq.; MSA 27.5001 et seq.), which the Legislature enacted after Roznowski was decided. This section addresses the proof required for establishing the existence of a contract to make a will or devise. These requirements apply to contracts executed after the effective date of that section, i.e., July 1, 1979. It is unclear whether this section was considered or even raised as a defense.
III
Under these circumstances, we conclude that this case should be remanded for the probate court to reconsider its decision and render further factual findings. MCR 7.216(A)(7) and (9). In particular, the court on remand should determine (1) whether claimant's performance was, in whole or part, undertaken with the expectation of compensation under Lewis and its progenitors, (2) whether, if the court determines to recognize a contract implied in fact between claimant and decedent, § 140 of the Revised Probate Code applies *585 to such a contract, (3) whether respondent estate has waived any defense premised on § 140, and (4) what relief, if any, claimant is entitled to.
Vacated and remanded. We do not retain jurisdiction.