606 N.W.2d 30 (1999)
238 Mich. App. 453
In re ESTATE OF Richard L. McKIM, Deceased.
Deborah Heefner, Petitioner-Appellant,
v.
Lori Cornell, Personal Representative of the Estate of Richard L. McKim, Ingham Probate Court Respondent-Appellee.
Docket No. 211169.
Court of Appeals of Michigan.
Submitted September 14, 1999, at Lansing.
Decided November 5, 1999, at 9:30 a.m.
Released for Publication February 23, 2000.
*31 Hidalgo & Wood, P.L.L.C. (by Lawrence L. Hidalgo, Jr.), Lansing, for the petitioner.
Arlyn J. Bossenbrook, East Lansing, for the respondent.
Before TALBOT, P.J., and FITZGERALD and MARKEY, JJ.
TALBOT, P.J.
Petitioner appeals as of right the probate court's order granting respondent's motion for summary disposition with respect to her claim against the estate of her former live-in companion. We affirm.
The decedent died without a will, leaving three heirs at law. Petitioner, a nonrelative, lived with the decedent from 1989 until his death in 1997. Petitioner testified that the decedent asked her to "take up housekeeping with him" in 1989 because he was a diabetic and needed her help and that she was his primary caregiver from 1992 until his death. According to petitioner, in 1993, she and the decedent agreed that, upon his death, she would inherit his house and $100,000 under the terms of his will. Petitioner stated that the bequests were to compensate her for taking care of the decedent during his lifetime and to maintain the quality of life to which she had become accustomed while she was living with him. Petitioner filed a petition for court supervision and for allowance of her claim, alleging that she was contractually entitled to the bequests. In granting summary disposition for respondent, the probate court ruled that petitioner's claim was barred by M.C.L. § 700.140; MSA 27.5140, governing the enforcement of agreements to make a will or devise, and the reasoning of In re Lewis Estate, 168 Mich.App. 70, 423 N.W.2d 600 (1988).
On appeal, petitioner argues that the probate court erred in applying M.C.L. § 700.140; MSA 27.5140 to bar her claim against the estate. We disagree. Appellate review of a motion for summary disposition is de novo. Spiek v. Dep't of Transportation, 456 Mich. 331, 337, 572 N.W.2d 201 (1998). A court properly grants a motion for summary disposition pursuant to MCR 2.116(C)(10) where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Quinto v. Cross & Peters Co., 451 Mich. 358, 362, 547 N.W.2d 314 (1996).
Michigan's Probate Code was amended in 1978 to include a provision regarding the enforcement of a contract to make a will or devise. Section 140 of the Revised Probate Code, M.C.L. § 700.140; MSA 27.5140, which applies to all contracts executed after its July 1, 1979, effective date,[1] provides:
(1) A contract to make a will or devise, not to revoke a will or devise, or to die intestate, if executed after the effective date of this act, can be established only by 1 of the following:
(a) A provision of a will stating material provisions of the contract.
(b) An express reference in a will to a contract and extrinsic evidence proving the terms of the contract.
(c) A writing signed by the decedent evidencing the contract.
(2) The execution of a joint will or mutual wills does not give rise to a presumption of a contract not to revoke the will or wills.[[2]] *32 The party seeking specific performance of a contract to leave property under a will has the burden of proving the contract. Soltis v. First of America Bank-Muskegon, 203 Mich.App. 435, 442, 513 N.W.2d 148 (1994); In re Thwaites Estate, 173 Mich.App. 697, 702-703, 434 N.W.2d 214 (1988). A petitioner is therefore required to prove an actual express agreement and not a mere unexecuted intention. Soltis, supra at 442-443, 513 N.W.2d 148; In re Thwaites Estate, supra at 703, 434 N.W.2d 214.
In the present case, petitioner testified that she and the decedent expressly agreed that the decedent would leave her a bequest under the terms of his will in exchange for personal services. This alleged oral agreement is properly characterized as an agreement to make a will or devise, because the terms come due after the promisor's death. Therefore, the alleged agreement falls within the purview of subsection 140(1). However, the decedent died without a will, and petitioner neither alleged nor offered a writing signed by the decedent evidencing the alleged contract.[3] Accordingly, petitioner failed to meet her burden of proving that an agreement to make a will or devise existed, and the probate court properly ruled that petitioner's claim against the decedent's estate was barred by subsection 140(1).
Petitioner alternatively argues that the trial court erred in granting summary disposition for respondent on the basis of subsection 140(1) because "she had a right to the enforcement of the agreement" under the common-law theories of contract implied in law and contract implied in fact. We disagree. In In re Lewis Estate, supra, this Court summarized the principles of contract implied in law and contract implied in fact as follows:
A contract implied in law is not a contract at all but an obligation imposed by law to do justice even though it is clear that no promise was ever made or intended. A contract may be implied in law where there is a receipt of a benefit by a defendant from a plaintiff and retention of the benefit is inequitable, absent reasonable compensation. However, this fiction is not applicable where there exists a relationship between the parties that gives rise to the presumption that services were rendered gratuitously. A presumption of gratuity arises where the plaintiff is related by blood or marriage to the decedent, and where the parties lived together as husband and wife although never married. Where a presumption of gratuity arises, the plaintiff may still recover for services rendered under the theory of contract implied in fact. [In re Lewis Estate, supra at 74-75, 423 N.W.2d 600 (citations omitted).] See also In re Estate of Morris, 193 Mich.App. 579, 582, 484 N.W.2d 755 (1992).
On the other hand, a contract implied in fact arises
"when services are performed by one who at the time expects compensation from another who expects at the time to pay therefor." The issue is a question of fact to be resolved through the consideration of all the circumstances, including the type of services rendered, the duration of the services, the closeness of the relationship of the parties, and the express expectations of the parties. However, "when one renders personal services to another merely upon the expectation of a legacy promised *33 without a contract obligation, the promisee takes his chances on receiving the legacy, and, if his expectations are disappointed, he can recover nothing." [In re Lewis Estate, supra at 75, 423 N.W.2d 600 (citations omitted).] See also In re Estate of Morris, supra at 582, 484 N.W.2d 755.
In cases involving claims to enforce oral agreements, this Court has equated recovery under the equitable theory of contract implied in law with recovery in quantum meruit. See Featherston v. Steinhoff, 226 Mich.App. 584, 588, 575 N.W.2d 6 (1997); In re Estate of Morris, supra at 583, 484 N.W.2d 755; Roznowski v. Bozyk, 73 Mich.App. 405, 409-410, 251 N.W.2d 606 (1977). This Court has also explained that although the set of facts that show a contract implied in fact and those circumstances that justify quantum meruit relief may overlap considerably, they are not one and the same. Roznowski, supra at 409, 251 N.W.2d 606.
Whether a petitioner may seek to enforce an alleged oral agreement concerning a bequest under either implied contract theory following the enactment of subsection 140(1) presents a question of first impression in Michigan.[4] On the basis of the language and policy behind subsection 140(1), we conclude that the statute precludes enforcement of an oral agreement concerning a bequest under a contract implied in fact theory. SeeB & B Investment Group v. Gitler,229 Mich.App. 1, 6, 581 N.W.2d 17 (1998). The statute specifically provides that the "only" way to prove the existence of a contract to make a will or devise is by complying with its requirements. Id. at 7, 581 N.W.2d 17 (legislation must be interpreted in conformance with its express terms, even if in conflict with the common law). The clear language of the statute, especially when combined with other provisions of the Revised Probate Code that bar the enforcement of oral wills, M.C.L. § 700.122; MSA 27.5122, M.C.L. § 700.123; MSA 27.5123; In re Dodson Estate, 119 Mich.App. 427, 429, 326 N.W.2d 532 (1982), evidences the Legislature's intent to bar agreements to make a will or devise absent a writing.
In addition, allowing recovery based on an implied in fact theory would nullify the clear purpose of the statute, which is "to tighten the methods by which contracts concerning succession may be proved." Comment to § 2-701 of the Uniform Probate Code 8 ULA 438 (1998)[5]; In re Estate of Wieland v. Jewett, 1998 ND 130, 581 N.W.2d 140, 144-145 (1998); In re Estate of Trobaugh, 380 N.W.2d 152, 154 (Minn.App., 1986). Moreover, recognizing an exception to the statute for such a theory would reintroduce the uncertainties and litigation that the statute was designed to eliminate. Comment to § 2-701 of the Uniform Probate Code, supra; Brody *34 v. Bock, 897 P.2d 769, 774 (Colo., 1995); Orlando v. Prewett, 218 Mont. 5, 12, 705 P.2d 593 (1985). Indeed, "contracts to make wills are looked on with disfavor because at the time of enforcement one of the parties is dead and obviously cannot confirm or deny the existence of a contract." Id. at 12, 705 P.2d 593; see also Brody, supra at 774. Accordingly, the trial court correctly rejected petitioner's claim for recovery under a contract implied in fact theory.
Arguably, in the absence of an express contract or a contract implied in fact, our Legislature left open the possibility that recovery may be sought under a contract implied in law or quantum meruit theory.[6] However, we need not decide this issue because recovery under this theory is not available where, as here, a special relationship between the parties to the agreement exists. Where such a relationship is established, the services rendered are deemed gratuitous. See In re Estate of Morris, supra at 582, 484 N.W.2d 755; In re Lewis Estate, supra at 74, 423 N.W.2d 600. Petitioner testified at deposition that she and the decedent lived together for four years before the alleged agreement had been raised, that her relationship with the decedent included sexual relations and gifts, and that petitioner did not have relations with other men from the time she met the decedent until his death. Under these circumstances, the trial court correctly denied petitioner's claim based on an implied in law or quantum meruit theory. See In re Lewis Estate, supra at 74, 423 N.W.2d 600.
Affirmed.
NOTES
[1] In re Estate of Morris, 193 Mich.App. 579, 584, 484 N.W.2d 755 (1992). Subsection 140, along with the remainder of the Revised Probate Code, was repealed effective April 1, 2000, by 1998 PA 386, to be replaced with the Estates and Protected Individuals Code. Section 140 will be replaced by M.C.L. § 700.2514; MSA 27.12514, which retains the present language without substantive changes.
[2] This statute is derived from and is identical in all essential respects to former § 2-701 and current § 2-514 of the Uniform Probate Code (UPC).
[3] We reject petitioner's unsupported contention that § 140 is relevant only where the decedent has left a will and does not apply in cases involving intestate succession. The statute appears in article II of the Revised Probate Code, which contains provisions on intestacy and wills, the language of the statute itself refers to "contracts to die intestate," and this Court has applied the statute in circumstances involving intestate succession. See In re Fritz Estate, 159 Mich.App. 69, 406 N.W.2d 475 (1987).
[4] We are aware of only two cases decided after the enactment of § 140 where this Court engaged in an implied contract theory analysis in a similar context. In In re Estate of Morris, supra at 584-585, 484 N.W.2d 755, however, this Court expressly noted that it was unclear whether the statute had been considered or raised as a defense and remanded the case to determine what, if any, effect the statute had on a contract implied in fact theory. In In re Lewis Estate, supra, decided four years earlier, the Court made no reference to the statute in determining that the petitioner failed to establish the existence of a contract implied in fact.
[5] The Legislature substantially adopted § 2-701 (currently § 2-514) of the UPC in 1978 PA 386, effective July 1, 1979. A 1990 revision of article II of the UPC merely renumbered and relocated § 2-701 without substantive revision to § 2-514 and made a minor amendment of the comment. Although the quoted language is identical in both the original and subsequent UPC sections, our citation is to the original comment because there is no indication that our Legislature adopted the revised version of article II. Although lacking the force of law, official comments are useful aids in interpretation and construction. See Shurlow v. Bonthuis, 456 Mich. 730, 735, n. 7, 576 N.W.2d 159 (1998) (Uniform Commercial Code); People v. Cook, 89 Mich.App. 72, 87, n. 6, 279 N.W.2d 579 (1979) (Uniform Securities Act); see also People v. Flowers, 222 Mich.App. 732, 737, n. 4, 565 N.W.2d 12 (1997) (Federal Rules of Evidence).
[6] Following the revision of article II of the UPC, the Commissioners on Uniform State Laws added a sentence at the conclusion of the otherwise unamended comment, which states: "This section does not preclude recovery in quantum meruit for the value of services rendered the testator." Comment to § 2-514 of the UPC, 8 ULA 160 (1998). As noted above, there is no indication that our Legislature adopted the revised version of article II of the UPC.