No. 02-384

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003  MT 38N

ELIZA E. GRAY,

        Petitioner and Appellant,

   v.

SILVER BOW COUNTY and
STATE OF MONTANA,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Second Judicial District,
                   In and for the County of Silver Bow, Cause No.  DV-02-43
                   The Honorable Kurt Krueger, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Eliza Gray, *Pro Se*, Butte, Montana

        For Respondents:

                Hon. Mike McGrath, Attorney General; Jennifer Anders,
                Assistant Attorney General, Helena, Montana

                Robert M. McCarthy, Silver Bow County Attorney; Brad Newman
                Deputy County Attorney, Butte, Montana

                        Submitted on Briefs:  January 30, 2003

                             Decided:  March 11, 2003

Filed:

_____
                   Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Eliza E. Gray (Gray) filed a *pro se* "Petition for Protective Order and Claim of Deed" in the Second Judicial District Court, Silver Bow County, seeking to prevent public auction of property at 1741 Grand Avenue (the property) in Butte, Montana.  The property had been forfeited to the State of Montana after its record owner, Duane Gray--Gray's brother–pled guilty to criminal manufacture of dangerous drugs and use or possession of property subject to criminal forfeiture.  After a hearing in which it treated the petition and claim as a request for a preliminary injunction, the District Court denied Gray's petition and claim.  Gray appeals.

¶3     Gray's theory of action in the District Court, which she reasserts on appeal, is that forfeiture of the property violates Article II, Section 30 of the Montana Constitution, "Treason and descent of estates," which provides in part that "no conviction shall cause the loss of property to the relatives or heirs of the convicted."  The District Court rejected this argument on the basis that Article II, Section 30 applies only to instances of treason against the state.  We agree.

¶4 Moreover, Gray did not establish that she had a legally recognized interest in the property. Consequently, she did not establish "loss of property."

¶5 At the District Court hearing, Gray produced a copy of a deed by which her parents obtained joint title to the property and a copy of a deed by which her mother, as the surviving joint tenant after her father's death, conveyed title to Duane Gray. Gray readily admits no written document establishes her interest in the property. Rather, her claim to the property is based on an alleged understanding between family members that even though the property legally was held in Duane Gray's name, he held it for the benefit of all of his siblings. She has neither produced nor alleged the necessary written conveyance to support her claim of an interest in the property.

¶6 Section 70-20-101, MCA, requires in pertinent part that a transfer of an estate or interest in real property cannot be created or granted without a conveyance or other instrument in writing. An oral agreement does not establish an interest in real property which is recognized under the law. *See, e.g., Orlando v. Prewett* (1985), 218 Mont. 5, 9-10, 705 P.2d 593, 596; *Aye v. Fix* (1978), 176 Mont. 474, 478, 580 P.2d 97, 99.

¶7 Gray also contends that because § 70-20-102, MCA, recognizes a testator's right to dispose of real property by a last will and testament, her father's wishes as to disposition of the property as verbally expressed to his family constituted a valid disposition of the property. However, a will, like a conveyance of real property, must be in writing. *See* § 72-2-522, MCA. Gray has not produced, or even alleged, the existence of a written will

3

executed by her father, much less a will which overrode her mother's obtaining the property as a surviving joint tenant and subsequent conveyance to Duane Gray.

¶8 Gray also argues on appeal that, in denying her claim, the District Court failed to protect her "innocent person" status as required under § 44-12-205(3), MCA. She did not raise this argument before the District Court, however. As a general rule, we will not address either an issue raised for the first time on appeal or a party's change in legal theory, because "it is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider." *Day v. Payne* (1996), 280 Mont. 273, 276-77, 929 P.2d 864, 866. Therefore, we decline to consider Gray's argument regarding § 44-12-205(3), MCA.

¶9 Gray also claims she was denied her right to trial by jury and, as a related matter, that her motion for change of venue should have been granted. No right to a jury trial for an injunction exists. *See Gray v. City of Billings* (1984), 213 Mont. 6, 13, 689 P.2d 268, 272. As a result, a change of venue, which would result in a different jury pool, would have no effect.

¶10 Gray asserts the deputy county attorney who appeared on behalf of Silver Bow County in this action had a conflict of interest because he also prosecuted her brother in the criminal case. Because she does not support this argument with any authority or citation, we will not consider it. *See* Rule 23(a)(4), M.R.App.P.; *Johansen v. State Dept. of Natural Resources,* 1998 MT 51, ¶ 24, 288 Mont. 39, ¶ 24, 955 P.2d 653, ¶ 24.

4

¶11    Gray also argues she was denied her right to call witnesses when she was not able to present her brother Joseph Gray as a witness at the hearing.  The transcript indicates Joseph was in jail and there was no court order directing that he be transported to court because the court was not aware that Gray had subpoenaed him until 15 minutes before trial.  It was Gray's responsibility to file an affidavit and move the court to order that Joseph be produced from jail as a witness.  *See* § 26-2-202, MCA.

¶12    Gray claims that under § 46-20-204, MCA, the District Court should have stayed the forfeiture proceedings while she pursued this appeal.  Section 46-20-204, MCA, addresses stays during appeals of criminal cases.  While a stay apparently was granted during Gray's brother's appeal of his criminal case, this is not an appeal of a criminal case.  Consequently, § 46-20-204, MCA, does not apply.

¶13    Finally, Gray claims the District Court allowed for the demolition of the house on the property--which apparently occurred while this appeal was pending and in relation to which we denied Gray's request for a protective order on June 4, 2002--without proper notice under § 25-13-701, MCA.  Section 25-13-701, MCA, relates to sale of property on execution of a judgment and has no application here.

¶14    We affirm the judgment of the District Court denying Gray's petition and claim.


                                                            /S/ KARLA M. GRAY

We concur:


/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER